CHARLES L. BERNAYS, Respondent, *v.* T. T. WURMB, Appellant.

June 19, 1877.

The owner of a lot paid a special tax bill for water-pipe against it, and then sold the lot, with warranty, giving to the purchaser this special tax bill, with others. Afterwards the Legislature provided for refunding the special taxes paid for water-pipe, on presentation of the bills, to the persons who had paid the taxes. The purchaser of the lot, without his vendor's knowledge, endorsed upon the bill "R. is authorized to collect," and signed thereto both his own name and that of his vendor, and through R., his agent, presented the bill for repayment, and received the money. *Held*, that the mere transfer of the tax bill, without an express understanding to that effect, passed no. title to the money payable thereon, and that in an action for money had and received to his use the vendor of the lot could recover this money from the vendee.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

J. M. LORING and M. W. WATSON, for appellant.

KEHR, TITTMANN & TITTMANN, for respondent, cited: *Lardbee* v. *Ovit*, 4 Vt. 47 ; *Marsh* v. *Keating*, 1 Bing. 198 ; *Lockwood* v. *Kelsea*, 41 N. H. 185 ; *Hudson* v. *Robinson*, 4 Man. & Sel. 478

BAKEWELL, J., delivered the opinion of the court.

It appears from the pleadings and the agreed statement of facts in this case, that in June, 1866, respondent paid to the city of St. Louis $325.20, being the amount of a special tax assessed against a lot of respondent, on Salisbury Street, in St. Louis, for laying water-pipe along the street. This bill was assessed under an act of March 23, 1863, for extending the water-works. In January, 1867, respondent sold the lot in question to appellant, for $5,725, and conveyed to him by deed of general warranty. At the time of the sale, respondent delivered to appellant, with other tax bills against the lot, the receipted special tax bill which he had paid for water-pipe. In March, 1873, an act of the

Legislature was passed by which it was provided that any person who had paid special tax for laying water-pipe, under the act of March 23, 1863, might recover the same back from the city at any time within two years from the passage of the act of 1873, by presenting his account, with the tax bill attached as a voucher, to the Board of Water Commissioners. If the bill was lost, this was to be stated on oath. If the account was found correct, the board was to certify to the person who had paid the bill the amount paid, and this certificate was to be paid by the city treasurer out of a special fund for that purpose. Within the time of limitation prescribed by this act, appellant, Wurmb, through his agent, Rosenbaum, presented an account for the money which respondent had paid as aforesaid, with the special tax-bill attached as a voucher; and on November 5, 1874, the board issued its certificate, No. 16, for the amount of $325.20; which it certified as paid by respondent, Bernays. On the back of the receipted special tax bill, appellant, without any authority from respondent, wrote the following endorsement:

"ST. LOUIS, June 22d, 1874.

"Louis Rosenbaum is hereby authorized to collect the within special tax-bill.

"CHARLES L. BERNAYS.

"THEOBALD T. WURMB."

The certificate and special tax bill were then presented to the city auditor, who drew his warrant for the amount payable to Rosenbaum, who collected the same and paid it to appellant. Respondent afterwards demanded this money from appellant, and payment was refused; whereupon he brought this suit.

On the trial, the acts referred to were read in evidence, as was also an agreed statement of the main facts as above set forth; and the appellant, being introduced as a witness, testified that when he bought the property of respondent he offered for it the sum of $5,500, which was refused,

because of the increased value given to the property by the laying of the water-pipes, and because respondent had recently paid out the amount of the tax-bill for that purpose ; and that it was then agreed that appellant should pay $5,400 for the lot and $325 for the amount expended for the special tax bill, making $5,725 in all ; that the tax-bill was then delivered ; that respondent did not expressly say that appellant might have all his rights accruing under the bill ; but that appellant, when he made the purchase, expected that the city would refund the money paid for laying water-pipe, as it had paid for such improvements in the southern part of the city. There was nothing said, at the time, about the right to get back the money for the water-tax ; and all tax bills on the property were delivered to witness by respondent at the time of the purchase.

The respondent directly contradicted appellant on all material points in his testimony, and swore on the witness-stand that he offered the property to appellant for $6,000, and was beat down $50 and $25 at a time, until the price at which it was finally sold was reached ; that nothing whatever was said about an additional value given by the water-pipes ; and that there was no separation of the sum paid into $5,400 and $325; as testified to by Wurmb ; that the special tax bill cut no figure in the bargain at all, except that, in his own mind, the witness, in fixing a value on the property, calculated what it had cost him for all taxes and improvements of every kind. Respondent was in Europe when he read of the law for refunding this money, and, on his return, was advised by counsel that the two years' limitation had expired, and that it was too late to get it. Respondent then went to the Board of Water Commissioners, and was informed that he had been already paid, and was shown his name, written by Rosenbaum, to a receipt for the money. This was done without his consent or authority, and he had never authorized any one to collect the money for him.

The cause was tried by the court, sitting as a jury, and there was a verdict and judgment for plaintiff; from which defendant appeals.

The instructions given and refused on either side are numerous and lengthy, but it will not be necessary to set them out for the purposes of this opinion.

The act under which this money was paid plainly provides that the payment shall be made to the person who theretofore paid the special tax; and accordingly the certificate was made out in respondent's name, and was paid only upon the receipt of respondent, given in his name by a person who, at the instigation of appellant, represented himself as the agent of respondent, and signed his name without authority to do so. It cannot be said that Rosenbaum, the agent of Wurmb, had any implied authority to sign this receipt in the name of Bernays, because it has been found as a fact in this case that Bernays never assigned to Wurmb his right to receive this money from the city; and there was certainly evidence to support this finding. At the time of the sale to Wurmb, no right to recover existed against the city, for the act was not yet passed. It was not passed until more than six years after the sale. The mere delivery of the special tax bill to Wurmb, together with other receipted tax bills which, if unpaid, would be liens upon the property sold, did not transfer to Wurmb the right to recover from the city any money that might be refunded under this act, which does not provide that the money shall be paid back to the owner of the lot against which the bill was assessed, but to the person who paid the money. Whether Bernays assigned to Wurmb his right to recover this money from the city was a question of the intention of the parties at the time, which is a question of fact. The finding is against the defendant, and it is difficult to see how it could be otherwise upon the testimony.

Appellant, however, insists that the agreed statement of

facts signed by counsel for both parties, and which was submitted to the trial court, admits the assignment by Bernays to Wurmb of all interest in this money. It contains this clause: "At the time of the execution and delivery of this deed, and of the transfer, and as a part of the consideration for said $5,725, plaintiff delivered to defendant his receipts for taxes on said property, which he, plaintiff, had paid, including the receipted special tax bill for $325, before mentioned." This may be; but as the act for refunding the money was not then in existence, and did not come into existence until six years after this sale, it by no means follows that the vendor, in delivering up the tax bills, intended to convey, or did convey, a right to recover back the money paid on this special bill. No such right existed at the time of the sale. It may be said that, in every sale of lands, the right to the possession of all written instruments affecting exclusively the title to the specific property sold, and which are in the possession of the vendor, passes to the vendee at the time of the sale, as incident to the things sold, in the absence of any agreement to the contrary. But the right to the possession of this tax bill, which was merely turned over as evidence of the extinction of a former lien upon the land, did not carry with it a right to money to be refunded upon the bill under the act of 1873, because that act provides that the money shall be refunded, not to the person who may have the tax bill, but to the person who paid the money. It is true that it requires the production of the tax bill as a voucher; but the mere possession or ownership of the bill gives no right, under the law, to receive the money; on the contrary, the act provides that where the person who paid the money will make affidavit that the bill is lost, its production shall not be required. The transfer of the paid and receipted tax bill conveyed no right to receive back the money paid upon the bill, unless that was the intention of the parties at the time of the sale. There is evidence that there was no such

intention, and the agreed statement of facts is not inconsistent with the evidence in that respect.

Then, since the right to receive this money was in respondent on November 6, 1874, and appellant at that date collected it without authority, according to the well-settled principles of law the real owner of the money might waive the wrong, and sue the wrongful recipient of the money for money had and received to his use. No proof of agency was necessary, and no privity of contract need be shown, other than that which the law implies where one man receives the money of another which in good conscience he ought not to retain.

There is no error in this record to the prejudice of appellant, or which furnishes any ground for disturbing the judgment. The judgment of the Circuit Court is affirmed. All the judges concur.