STRIKER v. STRIKER et al.

(Supreme Court, Appellate Division, First Department.　June 28, 1898.)

1. ASSESSMENTS—REFUNDING.
　　Under Laws 1895, c. 442, authorizing the refunding of assessments paid upon certain real property, the amounts are to be refunded to those who paid the same, irrespective of the ownership of the property.
2. POWER OF ATTORNEY—EVIDENCE.
　　A power of attorney to assign the principal's claim to have certain assessments on real property refunded is not required by law to be recorded in the register's office, and accordingly neither the original record nor a certified copy thereof is evidence of the existence of the power.

Appeal from judgment on report of referee.

Action by James A. Striker against Elsworth L. Striker, individually and as executor, and another.　From a judgment on the report of a referee, plaintiff appeals.　Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, and McLAUGHLIN, JJ.

J. M. Perry, for appellant.

P. A. Hargous, for respondents.

VAN BRUNT, P. J.　The plaintiff in this action having on the 24th of December, 1874, paid certain assessments upon real estate in the city of New York, the same being levied because of the opening of Twelfth avenue, and the legislature having, by chapter 442 of the Laws of 1895, authorized and empowered the comptroller of the city of New York, 90 days after demand, to refund to the persons, respectively, their executors, administrators, and assigns, the amount paid by such persons as an assessment upon the real estate for the opening of Twelfth avenue, the plaintiff presented against the city of New York a claim for the amount of such assessment; and claims were also made by Elsworth L. Striker, individually and as executor of Joseph M. L. Striker, and by one Edward W. Taft, upon the alleged ground that they each had an interest in a part of the fund claimed by the plaintiff.　The comptroller having deposited the money in dispute with the clerk of the court, this plaintiff commenced an action of interpleader against the said Elsworth L. Striker, individually and as executor of Joseph M. L. Striker, and the said Edward W. Taft, alleging the payment of the assessment, the deposit of the money with the clerk, and that claims were made by the defendants, and asking judgment that the sum so deposited be paid to him.　The defendants, Striker and Taft, answering separately, admitted the payment of the money by the plaintiff; and the defendant Striker alleged that, at the time of the confirmation of the assessment, the property upon which the same was levied was owned by the plaintiff, James A. Striker, Ambrose K. Striker, Elsworth L. Striker, and Joseph M. L. Striker, and that the defendant Striker and Joseph M. L. Striker were the owners of the undivided one-third thereof; that the property was subsequently partitioned between said owners, and the property in question was set apart to two of said owners, namely, said James A. Striker and

Ambrose K. Striker. The defendant further alleged that, on said partition and equalization of values on the same, the defendant and Joseph M. L. Striker were charged with their proportion of one-third of the said assessment, which at that time was a lien on said property, and became entitled to recover back one-third of said assessment if it should at any time be refunded; that, in 1883, Ambrose K. Striker died, unmarried and intestate, leaving, him surviving, as his next of kin and heirs at law, the said James A. Striker, and this defendant, and Joseph M. L. Striker; that on the 25th of June, 1883, Joseph M. L. Striker died, and the defendant became the executor of his estate; and said defendant Striker, individually and as executor, claimed one-half of the sum deposited. The defendant Taft claimed the whole amount of the fund, as the assignee of the plaintiff. The issues in the action having been referred, the referee reported in favor of the defendants, and from the judgment thereupon entered this appeal is taken.

It is to be observed that by the pleadings it is admitted that James A. Striker paid the assessment. It is true that it is alleged in the answer of the defendant Striker that he paid the same on account of the other owners of the property, and that the plaintiff was not the sole owner of the same; but no proof whatever was offered in support of this allegation. It will be seen, by a reference to the statute, that the persons who are entitled to claim from the city are those who paid the assessment, and not those who were the owners of the property at the time of the passage of the act, or at any time subsequent to the payment of the assessment; and, it having been admitted that James A. Striker paid the assessment, James A. Striker, under the act, is entitled to recover the money notwithstanding what devolution of title there may have occurred, or what interests others had in the real estate in question. In order that the other owners of the real estate might become entitled to participate in this fund, it was necessary to show that the plaintiff, as their agent, paid some part of the assessment. Mere proof of interest in the real estate was not sufficient. As James A. Striker, as a tenant in common, paid the assessment, he is the person who is entitled to recover it back.

The suggestion that the decree in the partition suit proved anything in this respect is entirely without foundation. We know nothing of what was done upon the partition, nor whether the plaintiff was indemnified for this payment or not; and, merely because there was said to be equality of partition, it cannot be claimed that the allegations in the answer are established that the plaintiff paid the assessment on account of the defendant Striker and those whom he represents.

The defendant Taft claims the amount deposited under an alleged assignment from an assignee who became such by an assignment executed by an alleged attorney in fact of the plaintiff. The only evidence of the existence of any power of attorney was the record produced from the register's office of a power of attorney purporting to be signed by one James A. Striker, and a copy of such record certified by the register. This power of attorney in no way related

to real estate. All that it did was to purport to appoint one Van Auken, the attorney of the plaintiff, to act for the plaintiff in reference to certain assessments, authorizing him to collect his interest in said assessments, and to make any agreement in respect thereto by sale, lease, or assignment, or in any other way. There is no provision of law requiring such a paper to be recorded in the register's office; and it is only in case an instrument is recorded in such office pursuant to law that a copy of such record, duly certified, becomes competent evidence; and, although original papers may be proved by acknowledgment (with the exception of promissory notes), yet that does not make the record of such instruments, in case they happen to be written out in the books of the register's office, competent evidence, because they are not recorded pursuant to law, there being no requirement of law providing for such record. Therefore the alleged copy of the power of attorney certified by the register was not competent evidence nor was the original record. There was not a particle of proof that any power of attorney was signed by the plaintiff, or that the record was a copy of any original instrument, nor was there any proof that the original could not have been produced. This being the only evidence to sustain the assignment under which the defendant Taft claimed he had a right to recover, the judgment in his favor cannot be sustained.

The claim that the power of attorney was virtually proved by the plaintiff himself is entirely unfounded. Although the plaintiff may have admitted that he signed a power of attorney, that would not authorize secondary evidence of the contents, if any such evidence was offered. In the case at bar no such evidence was offered.

Judgment should be reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.