Argued September 27, reversed and dismissed November 21, 1916.

# MOFFITT *v.* SALEM.

(160 Pac. 1152.)

**Municipal Corporations—Recovery of Benefit Assessment—Voluntary Payment.**

1. Where plaintiff paid a benefit assessment to have the lien on his lots discharged so that he might make a sale of the property, and he was not entrapped by sudden pressure of city's agent into making the payment, and was not without other remedy, his payment was voluntary.

**Municipal Corporations—Public Improvements—Assessment of Benefits—Refund—Parties Entitled.**

2. Plaintiff voluntarily paid a benefit assessment, under an agreement with the city treasurer to return it if illegal, and, the assessment being declared void, City Charter of City of Salem, Section 52, was amended to authorize the return of the assessment to the record owners of property when the amendment was adopted. *Held,* that the right to recover money voluntarily paid in discharging a void

tax must be found in a statute or ordinance authorizing it, and the agreement with the city treasurer was invalid, and therefore plaintiff's grantees, and not plaintiff, were the proper parties to receive the money.

[As to recovery by taxpayer of taxes paid, see notes in 22 Am. Dec. 519; 45 Am. Dec. 164; 94 Am. St. Rep. 425.]

From Marion: PERCY R. KELLY, Judge.

Department 2.    Statement PER CURIAM.

This is an action by A. T. Moffitt against the City of Salem.

The complaint charges:

"That at all times hereinafter mentioned defendant, the City of Salem, was and now is a municipal corporation, duly and regularly incorporated, organized and existing under and by virtue of the laws of the State of Oregon; that on and between the thirteenth day of October, 1911, and the tenth day of November, 1911, defendant received from A. T. Moffitt the sum of $115.44, to and for the use of plaintiff; that thereafter and prior to the commencement of this suit plaintiff duly demanded payment thereof from the defendant, but said defendant failed, neglected and refused to pay the same to plaintiff or any part thereof."

The answer admits the incorporation of the defendant, but denies all other allegations above set forth. For a further defense it is stated that the defendant is a municipal corporation; that its common council enacted and the mayor approved ordinances numbered 821 and 876 the twenty-seventh day of June, 1910, and the nineteenth day of December, 1910, respectively, levying a special assessment within a specified district for the construction of the South Salem sewer, and laying upon lots 3 and 4 in block 19 of Nob Hill Addition to Salem, Oregon, then owned by the plaintiff, a burden of $115.44 for benefits conferred by the improvement, which sum was entered in the Docket of City Liens on the twenty-ninth day of December, 1910;

that thereafter the validity of that assessment was contested in the courts, and before a final decision was rendered in the suit the plaintiff voluntarily paid to the defendant the sum so assessed, and the lien was discharged. For a further defense it is alleged that the assessment for the construction of that sewer was ultimately determined to have been irregular, whereupon the charter of the City of Salem was amended, pursuant to which municipal bonds were issued by the defendant, sufficient in amount to defray the entire cost of the improvement; that prior thereto the plaintiff sold and conveyed the lots described in the complaint to C. Pemberton and his wife, who thereafter received from the defendant the payment so made by the plaintiff and interest thereon, amounting to $129.83.

The reply controverted all the allegations of new matter in the answer, except that when the plaintiff paid the assessment he had an opportunity to sell the lots, in case he would procure the lien thereon to be discharged, without which release the purchasers refused to accept a conveyance. It asserts that the assessment was paid under protest in order to remove a cloud from the title to the lots, and that the money paid for that purpose was taken into consideration by the plaintiff and the purchasers of the real property. For a further reply it is stated that the defendant ought to be estopped from alleging or proving the defense set forth on the ground that when the assessment was paid it was agreed by and between the plaintiff and the defendant's officer who received the money that if the assessment should be decreed to be illegal the sum so received should be returned to Mr. Moffitt. By stipulation the cause was tried without a jury, and findings of fact and of law were made, and judgment

was given to the plaintiff for $115.44, with interest from November 10, 1911, and the defendant appeals.

REVERSED AND DISMISSED.

For appellant there was a brief over the names of *Mr. Bert W. Macy, Mr. William H. Trindle* and *Mr. Rollin K. Page,* with an oral argument by *Mr. Macy.*

For respondent there was a brief and an oral argument by *Mr. Walter C. Winslow.*

Opinion PER CURIAM.

The only question to be considered is whether the findings of fact support the conclusion of law and the judgment founded thereon. The findings of fact accord with the material averments of the complaint, of the answer and of the reply. These findings further state that ordinances numbered 821 and 876 of the defendant were duly enacted and approved, pursuant to which a sewer was constructed in South Salem, and by reason thereof there was imposed on lots 3 and 4 in block 19 of Nob Hill Addition to Salem, Oregon, then the property of the plaintiff, a burden of $115.44, which sum was entered in the Docket of City Liens; that the validity of that assessment was challenged in a suit instituted for that purpose; that pending the decision of that cause the plaintiff had an opportunity to sell the lots, but the proposed purchasers would not accept a conveyance of the land until the lien was discharged; that the plaintiff paid the sum stated to the city treasurer pursuant to an agreement with him that if it should be finally determined that the assessment was invalid the sum so received would be returned to Mr. Moffitt; that on the twenty-fifth day of October, 1911, the plaintiff and his wife executed to the pur-

81 Or.—44

chasers, C. Pemberton and wife, a deed to the lots; that thereafter it was finally determined that the assessment was illegal (*Jones* v. *Salem,* 63 Or. 126, 123 Pac. 1096); that Section 52 of the City Charter was amended the second day of December, 1912, so as to authorize the defendant's council to issue and sell bonds, and from the money thus obtained to refund the sums collected on account of the assessment, and also to pay the contractors the remainder due for making the improvement. A clause of that amendment reads:

" (e) That upon the adoption of this amendment and the passing and adoption by the qualified voters of the City of Salem of an ordinance providing for the issuance of bonds or warrants for the payment of sewers and drains heretofore constructed, and for the refunding of outstanding bonds or warrants issued by the city for such purposes, and for the repayment of any and all special assessments levied on said account, the city council shall proceed to issue and sell said bonds as provided by law, and as may be hereafter provided by ordinance, and from the funds derived from the sale thereof shall repay to all property owners who have heretofore paid into the city treasury by themselves or their grantors such sum or sums as may have been from time to time paid by themselves or their grantors on account of the special assessment levied against any property to which said person holds the record title at the date of the adoption of this amendment, for the construction of sewers or drains."

The court further found that ordinances were enacted and approved carrying into effect that amendment; that pursuant to the provisions of those ordinances C. Pemberton and his wife filed their claim for the money so paid by their grantor, and thereupon received the same, with interest thereon amounting to $129.83; that thereafter the plaintiff demanded of the defendant a return of the money which he had paid,

but upon a refusal to comply therewith he instituted this action.

1. Unless the city treasurer was authorized to make a valid agreement on behalf of the defendant to return the money to the plaintiff in case the assessment was declared to be illegal, the findings of fact do not uphold the conclusion of law and the judgment, and C. Pemberton and his wife, the holders of the legal title to the lots December 2, 1912, when Section 52 of the charter was amended, were the proper parties to receive the money: *Neer* v. *Salem,* 77 Or. 42 (149 Pac. 476).

The plaintiff paid the assessment in order to have the lien on the lots discharged so that he might make a sale of the property. He was not entrapped by sudden pressure of the defendant's agents into making the payment, nor was he without other means of escaping an existing or imminent infringement of his rights of person or property. His payment was voluntary: *Johnson* v. *Crook County,* 53 Or. 329 (100 Pac. 294, 133 Am. St. Rep. 834); *Tillamook City* v. *Tillamook County,* 56 Or. 112 (107 Pac. 482).

2. The right to recover money paid by a person of his own accord in discharging a void tax must be found in a statute or ordinance authorizing the repayment: *Board of Commrs.* v. *Ruckman,* 57 Ind. 96, 98. In deciding that case Mr. Justice WORDEN, in speaking of the voluntary payment of an illegal tax, says: "Without some statutory provision, taxes thus paid cannot be recovered back." Before the amendment of Section 52 of the charter the city treasurer could not make any valid agreement to repay the assessment voluntarily made, and for that reason the findings of fact do not support the conclusion of law.

The judgment is reversed and the action dismissed.

REVERSED AND DISMISSED.