ROBERTSON *et al. v.* SINGLETON *et al.*

(Division B. Jan. 6, 1930. Suggestion of Error Overruled February 17, 1930.)

[125 So. 421. No. 28295.]

Chas. S. Campbell, of Jackson, for appellants.

**T. J. Wills,** of Hattiesburg, for appellees.

Argued orally by **Chas. S. Campbell,** for appellant, and by **T. J. Wills,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellees were complainants in the court below and filed a bill against the appellants to be allowed as a credit on certain notes owing to Stokes V. Robertson and secured by deed of trust on certain property in the city of Hattiesburg, on the theory that the complainants were entitled to certain moneys refunded to Stokes V. Robertson on account of void paving assessment against certain house and lots conveyed by Stokes V. Robertson to the complainants and their predecessor in title to the said property.

It appears that in 1919, Bay street in the city of Hattiesburg, lying in front of the two lots involved, was paved by the city under the scheme of assessing the prop-

erty owner with the cost thereof. At the time of the paving, Stokes V. Robertson was the owner of the property, and paid the assessments to the city. After the paving was paid for by Stokes V. Robertson, and during the year 1919, he sold the house and one of the lots to one Waddell, shortly after which Waddell sold it to the complainants. At the time of this conveyance to Waddell Robertson represented that the street in front of the property described in the deed was paved and fully paid for. It further appears that in 1922, during the negotiation between Robertson and the Singletons for the sale of the other lot involved, Robertson stated to Singleton that the lot had a frontage, approximately sixty-two feet, on Bay street, and that he had paid the paving charge in front of the lot, and named the terms upon which he would sell the said lot. The negotiations finally resulted in the complainants buying the said lot under the belief that the paving charges had been satisfied. Subsequent to the said sale of the lot, the paving done by the city was declared to be illegal, and not to constitute a charge against the property and the property owner, and the property involved in the special assessment was not chargeable with the cost of improving the streets involved in this suit. After this paving had been declared' illegal and not constituting a charge against the property, the legislature, in the 1926 session, by chapter 454, Loc. & Priv. Laws 1926, passed an act authorizing and directing a "refund to all persons owning property in said city abutting on streets, avenues and alleys thereof, against which property special assessments were made by said board to pay the cost and expenses of paving, repairing or improving said streets, avenues and alleys, all monies heretofore paid by them to said city on account of said special assessment, but no interest shall be paid on said monies; and the said city board are hereby authorized to make said refund payments out of the general fund by means of special levies therefor extending over a period of not more than ten years; or by a bond issue therefor at the option of

said city board." The act also authorized bonds not to exceed one hundred ten thousand dollars, and provided for the issuance and sale of the same.

The city of Hattiesburg, after the passage of this act, passed an order refunding Stokes V. Robertson the sum of three hundred seventy-five dollars and sixty-two cents to be paid on account of the said paving which had been declared unlawful and void.

On the 10th day of April, 1929, the complainants were due the appellant Stokes V. Robertson six hundred eight dollars and thirty cents under the unpaid notes representing the purchase price of said property. Prior to that time Robertson had received the three hundred seventy-five dollars and sixty-two cents from the city. The complainants thereupon made demand upon Robertson to apply the money, received from the city as a refund on said paving, to a reduction of the notes, which Robertson refused to do, contending that the complainants had no right thereto, but offering to rescind the transaction involving the sale of the house and lots, to repay the money paid thereon, and to cancel the outstanding notes on a reconveyance of the property involved from the Singletons to Robertson. This was declined by the Singletons who thereupon tendered the difference between the amount due on the notes and the amount received by Robertson, which tender was refused as a settlement of the notes, and this suit was brought to compel the application of said refund in reduction of the notes, and to enjoin a sale under the deed of trust.

Under agreement of the parties, the amount of money tendered into the court was taken, but not accepted as a tender, leaving the litigation to be decided by the court; but, as the amount tendered was admitted to be due, at all events it was accepted by Robertson without prejudice to his rights in the suit. Prior to the filing of the bill, the notes being due and in default, Robertson had had his trustee, G. C. Robertson, advertise the prop-

erty for sale, and the bill enjoined such sale and sought a determination of the issues between them by the chancery court. The chancery court decided that the complainants were entitled to be credited upon the notes with the amount received by Robertson and the interest thereon, and made the injunction perpetual upon the final hearing, from which this appeal is prosecuted.

The deeds from Robertson to his vendees, as above stated, were warranty deeds, and the question for decision is whether the warranties were breached by the fact that the city, after refunding to the various property owners (including Robertson), the moneys paid on the void assessment, issued bonds for the said móneys extending over a period of ten years, and levied a tax on all property subject to taxation on an ad valorem basis to pay and satisfy the bonds so issued; and whether or not (conceding the warranty does not operate in favor of the warrantee to cover this charge) there is an independent equity in the nature of a mutual mistake which should avail to the vendee of Robertson against such charges.

It is contended by the appellees, and so found by the court below, that the right to the refund in equity belonged to the vendee, or owner of the land; that it was in the nature of a right running with the land as an incident to it. The warranty in the deed was not breached, because the paving charge had never become a lien upon the property conveyed, and constituted no lien or equitable charge against the property at the time of the making of the conveyance.

It is conceded by the appellee that, under the statute authorizing the city to refund the moneys paid for paving to the person paying it, the appellees could not recover that money from the city, and had no right thereto under the terms of the statute. It appeared to us, therefore, that there was no breach of warranty, there being no valid charge at the time of the conveyance constituting any obligation upon Robertson to pay the amount of the paving charge to the vendee. The deed did not

operate as a covenant to convey, as an incident to the land, any right to refund. At the time of the transaction, neither party thought there would be any refund, and neither doubted the validity of the paving as an original charge against the property, but it had been paid and discharged, and the appellees received all that they bargained for under their deed in securing the land free from liens or charges for which the land could be sold or subjected to payment. It is true that Robertson received more in the aggregate than he expected to receive, but this fact does not constitute any equity in favor of appellees.

We do not see the force of the contention that the appellees were entitled to receive from Robertson the money received from the city, because of any subsequent general ad valorem charge made in the process of taxation subsequently accruing against the property. The warranty certainly did not guarantee that there would be no taxation in the future, nor the character and extent of it; that is one of the things that runs as an incident of government. The taxing authorities have the right for the general purposes of the government to levy taxes against property, and the warranty does not apply to any future incumbrance not specially warranted against. The transaction stands as of the time of the execution of the deed, and the deed is the exponent of the contract between the parties.

We have found no authority for upholding the decision of the chancellor on the facts in this record. The general rule governing the matter is stated in 44 C. J. 810 and 811, and it there appears that the question is governed by the terms of the statute involved in refunding the payments made. It is conceded, as it must be, that the statute here involved does not authorize the grantee, the Singletons, to recover the amount from the city under the enabling act under which the city paid Robertson. That being true, there is no legal basis for the support of the decree in favor of the appellees. The agreed statement of facts in the record shows the amount

of damages to be paid in case the injunction is dissolved and decree can be entered here upon the agreed statement of facts. It follows from what we have said that the judgment of the court below must be reversed, and that judgment should be entered here in favor of the appellant dissolving the injunction and fixing the damages, and for the payment of the debt enjoined in accordance with the statute.

Reversed and judgment here.