# Trustees of the Methodist Episcopal Church South of Walton, Ky., v. Aylor.

### (Decided September 30, 1930.)

S. GAINES for appellant.

JOHN L. VEST for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

After arranging with the department of public roads for "state aid," the town of Walton, in the summer of 1918, passed the necessary ordinances for the improvement of Main street at the expense of the abutting property owners. Section 18 of the ordinance ordering the improvement is as follows:

> "That one-half of the entire cost of said street exclusive of said curbing and guttering shall be borne by the State of Kentucky to be paid in such amounts yearly as shall be credited to the town of Walton, Ky., by the Department of Public Roads of Kentucky under the state aid laws, said payments to be to the town of Walton, Ky., and by it to be refunded to the property owners on said street and the town of Walton, Ky., in proportion to the amounts by them so paid for the original construction."

The street was completed in 1920, and the cost thereof, except that part borne by the town of Walton, was assessed against the abutting property. Robert L. Aylor, who owned property abutting on the street, paid his assessment amounting to $1,162.05. Thereafter he sold and conveyed the land to John Myers, who in turn

conveyed a portion of same to the trustees of the Methodist Episcopal Church South of Walton, Ky. Several years later the state paid its part of the construction of the street. This suit was brought by Aylor against the town of Walton and his vendees to determine whether he or his vendees are entitled to their proportionate share of the money paid by the state. The trustees of the Methodist Episcopal Church South filed an answer and counterclaim asserting that they were entitled to the money for various reasons. A demurrer was sustained to the answer and counterclaim, and the counterclaim dismissed. Aylor was then given judgment against the town of Walton for the sum of $481.90, together with interest and costs. From that judgment an appeal has been prayed.

The general rule on the subject is thus stated in 44 C. J., sec. 3425, p. 810: "Where a refund or rebate of an assessment is authorized by constitution, statute, or charter, or ordinance enacted in pursuance thereof, and property assessed is conveyed after payment of the assessment, and before the making of the refund or rebate, the right to the refund or rebate does not necessarily pass with the land, but depends on the terms and construction of the particular provision authorizing the refund, it being held under some provisions that the former owner who paid the assessment is entitled to the refund, and under other provisions that the grantee or person who is the record owner at the time the refund or rebate becomes due and payable is entitled thereto." The text is supported by the cited and other cases.

Thus in Moffitt v. Salem, 81 Or. 686, 160 P. 1152, 1153, the act provided " . . . And from the funds derived from the sale thereof (bonds) shall repay to all property owners who have heretofore paid into the city treasury by themselves or their grantors such sum or sums as may have been from time to time paid by themselves or their grantors on account of the special assessment levied against any property to which said person holds the record title at the date of the adoption of this amendment." Accordingly it was held that the refund belonged to the grantee in the deed and not to his grantor.

In Neer v. City of Salem, 77 Or. 42, 149 P. 476, 477, the language involved was as follows: "The common council shall repay out of the funds derived from the sale of said bonds to all property owners who have heretofore paid into the city treasury by themselves or their grant-

ors, such sum or sums as may have been from time to time paid by themselves or their grantors, together with interest thereon at six per cent. per annum from the date of payment as entered in the docket of city liens to the date of sale of said bonds, on account of the special assessments levied against any property to which said person held the record legal title on December 2, 1912, the date of the adoption of section 52 under the initiative laws." It was held that the grantee, being the owner of the legal record title on December 2, 1918, was entitled to the refund.

On the other hand, in State v. Kimball, 313 Mo. 460, 282 S. W. 30, 31, the language was: "That the city comptroller be, and is hereby, authorized, upon satisfactory evidence being presented to him by any person, firm or corporation . . . of the right to be reimbursed for having paid any such tax bills, to make a written requisition," etc. It was held that the refund belonged to the grantor and not to the grantee.

In the case of Borton v. City of Portland, 62 Or. 544, 125 P. 847, the act read: "There may be paid out of said water fund and refunded to all persons who have paid to the city treasurer assessments for the laying of water mains in front of or adjacent to their property, in accordance with the provisions of section 227." Accordingly it was held that the refund was to the persons who had paid the assessments and not to the grantee.

In the case of Robertson v. Singleton (Miss.) 125 So. 421, the statute (Loc. & Priv. Laws Miss. 1926, c. 454, sec. 1) authorized and directed a "refund to all persons owning property in said city abutting on streets, avenues and alleys thereof, against which property special assessments were made by said board to pay the costs and expenses of paving, repairing or improving said streets, avenues and alleys, all monies heretofore paid by them to said city on account of said special assessment." It was held that the refund went to the grantor who had paid the assessment and not to his grantee.

In the case of Striker v. Striker, 31 App. Div. 129, 52 N. Y. S. 729, 730, the language of the statute is not given, but in holding that a tenant in common who paid the assessment is entitled to recover it back, notwithstanding a subsequent partition of the property, the court said: "It will be seen, by a reference to the statute, that the persons who are entitled to claim from the

city are those who paid the assessment, and not those who were the owners of the property at the time of the passage of the act, or at any time subsequent to the payment of the assessment; and, it having been admitted that James A. Striker paid the assessment, James A. Striker, under the act, is entitled to recover the money notwithstanding what devolution of title there may have occurred, or what interest others had in the real estate in question.''

Applying the rule that the language of the statute or ordinance providing for the refund is conclusive of the question, we find that the ordinance involved in the case under consideration provides. ''and by it to be refunded to property owners on said street and the town of Walton, Ky., in proportion to the amounts by them so paid for the original construction.'' In other words, the ordinance provides for the refund to the persons who paid the assessments, and not to their grantees.

There is no merit in the contention that appellants are entitled to the money as a right in the nature of an incorporeal hereditament passing to them with the title to their respective lots. When Aylor paid the assessment he discharged the lien. Hence the property passed to his grantees free from lien, and stripped of any right so far as the lien was concerned.

Nor do we find any superior equity in favor of appellant. It is true that the ordinance apportioning the cost did not impose on Aylor any personal liability, but he parted with his money in order to avoid the enforcement of the lien. His grantees purchased with actual knowledge of the improvement and constructive knowledge of the language of the ordinance declaring that the refund should go to the persons paying the assessments. If it be said that they paid more for the lots because of the improvement, it must not be overlooked that the improvement is still there with its added value, and that they have parted with nothing and will lose nothing because Aylor is reimbursed for the assessment paid by him. Robertson v. Singleton, supra.

Wherefore the appeal is denied, and judgment affirmed.