16867

ASMER v. LIVINGSTON *ET AL.*

(82 S. E. (2d) 465)

Messrs. T. C. Callison, *Attorney General* and *James M. Windham, Assistant Attorney General,* and *Donn L. Odom,* of Columbia, *for Appellants,*

F. Ehrlich Thomson, Esq., of Columbia, *for Respondent,*

May 11, 1954.

Oxner, Justice.

Respondent, a retail liquor dealer in the City of Columbia, seeks an adjudication that under Section 65-1268 of the 1952 Code, he is entitled to a refund of $3,680.94, representing the amount of tax stamps affixed to certain alco-

holic beverages in his place of business which, as the result of a fire, were either totally destroyed or so badly damaged as to be unfit for sale. The Tax Commission, appellant here, demurred to the complaint upon the ground that a refund under the Code section mentioned can only be made to the holder of a valid wholesaler's license. The Court below concluded that the word "licensee" in this section included a retail as well as a wholesale licensee, and overruled the demurrer "without prejudice to the rights of the defendants to contest the amount of the refund claimed by the plaintiff." Section 65-1268 which we are asked to construe is as follows:

"The Commission shall have prepared and distributed stamps suitable for denoting the taxes enumerated in this article and such stamps and any other stamps required under this chapter shall be sold only to such persons as hold a valid wholesaler's license under the provisions of chapter 1 of Title 4. The Commission shall refund to a licensee the cost of stamps affixed to goods which have been damaged and are unfit for sale or such goods as are returned to the manufacturer or jobber."

The narrow question presented is whether the foregoing refund provision applies to the holder of a retailer's license.

In construing the foregoing section, it is proper that we should first determine the rule of construction which should be applied. Respondent contends, and the Court below held, that it should be strictly construed against the State under the well recognized rule that revenue or taxing statutes are to be strictly construed against the sovereign and any substantial doubt as to construction or interpretation must be resolved in favor of the taxpayer. *South Carolina Electric & Gas Co. v. Pinckney,* 217 S. C. 407, 60 S. E. (2d) 851, and cases therein cited. But we do not think this legislation can be properly classified as a revenue statute. It presupposes that the taxes on the liquor have been lawfully assessed and paid and undertakes to make an

equitable adjustment where such liquor is returned or rendered unfit for sale. A refund of taxes is solely a matter of governmental grace, *Pacific American Fisheries, Inc., v. Mullaney,* D. C., 108 F. Supp. 133; *New Consumers Bread Co. v. Commissioner of Internal Revenue,* 3 Cir., 115 F. (2d) 162, 131 A. L. R. 1329, and any person seeking such relief must bring himself clearly within the terms of the statute authorizing same. 84 C. J. S., Taxation, § 632. While there is some diversity of opinion on the question, the weight of authority seems to be that such statutes are to be strictly construed against the taxpayer. *People ex rel. Herlihy Mid-Continent Co. v. Nudelman,* 370 Ill. 237, 18 N. E. (2d) 225; *Arrott v. Allegheny County,* 328 Pa. 293, 194 A. 910; 82 C. J. S., Statutes, § 396(d), p. 958; 84 C. J. S., Taxation, § 632, p. 1266. Whether this rule of construction should be applied to statutes providing for a refund of an unconstitutional tax or an overpayment of taxes need not now be decided, but we are definitely of opinion that a refund statute of the character now under consideration should not be strictly construed against the State.

It also may be of some aid in determining the question before us to refer briefly to the statutes pertaining to the issuance of licenses to deal in alcoholic beverages and the methods by which the taxes thereon are collected. Section 4-31 of the 1952 Code authorizes the Tax Commission to issue (1) a license to manufacture and sell alcoholic liquors to any person who has a wholesaler's license, (2) a wholesaler's license to purchase and sell alcoholic liquors to any person having a manufacturer's or retailer's license, and (3) a retailer's license to purchase alcoholic liquors from wholesalers and sell same at retail for consumption. In addition to the other taxes which the various licensees re required to pay, there is imposed a certain tax upon each eight ounces of alcoholic liquors or a fractional quantity thereof. Section 65-1267 provides that such taxes "shall be paid by affixing stamps on each bottle or container of alcoholic liquors", and "when stamps have been

once affixed as provided in this section no other or further stamps shall be required, regardless of how often such alcoholic liquors may be sold or resold within this State." Then follows Section 65-1268 which expressly provides that the stamps shall be sold only to a person holding a valid wholesaler's license. It would seem clear that the duty of paying the tax rests upon the wholesaler. He alone may sell to the retailer and in doing so, doubtless adds the amount of the stamp tax to the cost of the goods sold, but there is no requirement that he do so. When the retailer sells to the public, it is fair to assume that he includes the tax in the selling price so that ultimately the tax is absorbed by the consumer.

After stating that the stamps "shall be sold only to such persons as hold a valid wholesaler's license", the statute then provides: "The Commission shall refund to a licensee the cost of stamps affixed to goods which have been damaged and are unfit for sale or such goods as are returned to the manufacturer or jobber." The word "licensee", we think, refers to a holder of a wholesaler's license mentioned in the preceding sentence. The word "refund" adds to the strength of this view. Refund to whom? Ordinarily this word means to pay back, "thus implying that the payment is to be made to the party from whom received." *Daniel v. Richcreek*, Tex. Civ. App., 118 S. W. (2d) 935, 937. The word "refund" as defined by 3 Bouv. Law Dict. Rawles Third Revision, p. 2856 is: "To pay back by the party who has received it, to the party who has paid it, money which ought not to have been paid." This definition has been quoted with approval in numerous decisions, among them: *Illinois Bell Telephone Co. v. Slattery, 7* Cir., 102 F. (2d) 58; *State ex rel. Sidenfaden v. United States Fidelity & Guaranty Co., 7* Cir., 193 F. (2d) 47; *City of Grand Rapids v. Iosco Land Co.,* 273 Mich. 613, 263 N. W. 753, 105 A. L. R. 695. As the tax was paid by the wholesaler to the Tax Commission, we think it was intended that such refund should be to him alone and not to a retail licensee. If the Legislature intended to make provision for

a refund of such tax to a person other than the one from whom it had been collected, it would have so expressed itself. *F. & F. Laboratories, Inc., v. Commissioner of Internal Revenue,* 7 Cir., 104 F. (2d) 563. Stated differently, it seems clear that the State has chosen to deal on refund, as on payment, solely with the wholesaler.

The refund extends to the cost of stamps on "goods which have been damaged and are unfit for sale or such goods as are returned to the manufacturer or jobber." It is said that since the ordinary definition of a jobber includes a wholesaler, a retailer can obtain a refund for stamps on goods returned by him to the wholesaler, from which it is argued that the refund statute must have been intended to include the retailer. But we think that if the Legislature had meant to use the word "jobber" as synonymous with "wholesaler", the latter word would have been used as was done elsewhere in the statute when wholesaler was intended. A jobber is a sort of middleman and as used here contemplates an importer, distributor or some person other than a manufacturer selling to a wholesaler. A retail licensee cannot purchase goods from a manufacturer or such jobber. He can only purchase from one who holds a valid wholesaler's license.

It is argued that there is no sound reason for making a discrimination between a wholesale licensee and a retail licensee with respect to a loss brought about by alcoholic liquors becoming damaged and unfit for sale, and that to sustain the contention of the Tax Commission would result in a manifest injustice. The refund provision may have been confined to the wholesale licensee because it is only as to him that the Tax Commission is enabled, from reports required by statute, to determine from day to day the quantity and value of each brand of alcoholic liquors on hand. Be that as it may, the claimed injustice is a matter for the Legislature. It may not be amiss to add that the same complaint could be made by a consumer who has lost alcoholic

liquors by fire or other casualty. Such a loss by either the retailer or consumer can be covered by insurance.

In conclusion, it should be stated that the construction which we have given this statute is in accord with that adopted for a long period of time by the Tax Commission. This construction is entitled to the most respectful consideration, and ought not to be overruled without cogent reasons. *Read Phosphate Co. v. South Carolina Tax Commission,* 169 S. C. 314, 168 S. E. 722; *City of Spartanburg v. Leonard,* 180 S. C. 491, 186 S. E. 395; *Hadden v. South Carolina Tax Commission,* 183 S. C. 38, 190 S. E. 249.

The order appealed from is reversed, the demurrer is sustained, and the complaint dismissed.

STUKES, TAYLOR and LEGGE, JJ., and LITTLEJOHN, Acting Associate Justice, concur.