EAU CLAIRE-ST. LOUIS LUMBER COMPANY, Appellant, v. J. C. BANKS and THE TRUST COMPANY OF ST. LOUIS COUNTY, Respondents.

St. Louis Court of Appeals, Submitted February 3, 1909.   Opinion Filed March 9, 1909.

1. CONTRACTS: Promise Made for Benefit of Third Person. A contract between two parties made for the benefit of a third party may be enforced by such third party although such third party is not named in the contract and is not privy to the consideration which passed between the two parties to the contract.   Under section 6761, Revised Statutes 1899, municipal and other public bodies have power to contract for the payment of all claims which may be made for labor and material furnished in the construction of public buildings and may so provide in the builder's bond so that it inures to the benefit of the furnishers of labor and material.

2. ———: ———: Builders' Bonds: Parties not Named.   To enable third parties not named in a builder's bond or contract to sue upon the bond it must clearly appear by the terms of the contract or bond that they are of the class covered by its conditions; when they are not of that class no action accrues to them on the bond.

3. ———: ———: ———: ———.   Where a building contract, entered into by a contractor and a school district for the erection of a school building, provided that the work and material should be shown to have been paid for before the contractor was entitled to the compensation provided in the contract, and that the district might retain from the money coming to the contractor enough to pay all claims for work and material, this was not sufficient to protect a party furnishing material for the building or to entitle him to sue on the bond; such contract did not come within the provisions of section 6761, Revised Statutes 1899.

4. PARTIES: Demurrer: Pleading: Contract.   Where a demurrer was filed to a petition in an action upon a bond and contract which the petition set out in full, the truth of the facts alleged in the petition was admitted for the purpose of the demurrer, but not averments by way of interpretation put upon

the bond; the court should determine the demurrer by its own interpretation of the contract pleaded and not by the inferences from it pleaded in the petition.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

AFFIRMED.

*Rudolph Schulenburg* for appellant.

(1) In support of the proposition, that the contract contained the implied agreement on the part of Contractor Banks to pay plaintiff's demand, appellant begs to refer to: Krey v. Husmann, 21 Mo. App. 343; Casey v. Gun, 29 Mo. App. 24. (2) A long line of decisions in this State has established the doctrine, that a promise made to another for the benefit of a third person is to be deemed made to the third person, if adopted by him, though such third person was not privy to the consideration, was not named and was not cognizant of the promise, when made, that it is presumed that such third person accepts such promise made in his favor and to overthrow this presumption a dissent must be shown, that such third person may sue in his own name without joining the direct promisee. Meyer v. Lowell, 44 Mo. 330; Rogers v. Goswell, 51 Mo. 466; Rogers v. Goswell, 58 Mo. 589; St. Louis Public Schools v. Wood, 77 Mo. 197; State ex rel. v. Gas Light Co., 102 Mo. 482; Ellis v. Harrison, 104 Mo. 277; St. Louis v. Von Phul, 133 Mo. 561; Devers v. Howard, 144 Mo. 678; School District v. Levers, 147 Mo. 584; Lime & Cement Co. v. Wind, 86 Mo. App. 168; Forge Co. v. Stock Mfg. Co., 105 Mo. App. 484. (3) The contract made between Banks and the school district contained the provision and the petition sets up that, in case Banks should fail to pay and satisfy all and every claim and demand against the building for work and materials furnished upon it, the school district might,

if it deemed proper, retain from the moneys due Banks under the contract enough to pay and satisfy such claims and demands and therewith pay such claims. But aside of and in addition to said provision in the contract the school district bore such moral duty and obligation to these third persons and this was sufficient to create the necessary privity to entitle them to sue. Luthy v. Woods, 6 Mo. App. 72; St. Louis v. Keane, 27 Mo. App. 647; St. Louis v. Lumber Co., 114 Mo. 82; Knapp v. Swaney, 56 Mich. 349.

*T. K. Skinker* for respondent.

The demurrer was properly sustained. The bond was given to indemnify the school district only. The plaintiff has no interest in it, and is not a proper party to an action on it. Kansas City v. O'Connel, 99 Mo. 357; State ex rel. v. Tiedemann, 69 Mo. 515; Barker v. Berry, 4 Mo. App. 585; Leavel v. Porter, 52 Mo. App. 632; Cochran v. Stewart, 63 Mo. 424; Beers v. Wolf, 116 Mo. 179; State v. Weeks, 92 Mo. App. 359; Fisse v. Einstein, 5 Mo. App. 86; Blair v. Insurance Co., 10 Mo. 559; State v. Railroad Co., 125 Mo. 617; Insurance Co. v. Water Co., 42 Mo. App. 118; Carpenter v. Realty Co., 103 Mo. App. 480; State v. Loomis, 88 Mo. App. 500.

STATEMENT.—This is an action upon a bond given by respondent Banks, as principal, with the trust company of St. Louis county, also respondent, as surety, to the school district of Webster Groves, in St. Louis county, to secure the fulfillment of a building contract entered into by Banks with the school district for the erection of a public school building for the district. The substance of the amended petition, as set out by counsel for appellant in his statement of the case, is as follows:

"The amended petition of plaintiff Eau Claire-St. Louis Lumber Company after stating that about Au-

gust 22, 1905, defendant J. C. Banks entered into a contract in writing with the school district of Webster Groves, a public corporation, for the construction by said Banks of an addition to the Tuxedo School, a public school building in the city of Webster Groves, St. Louis county, alleges, that by the terms of said contract, Banks agreed at his own cost and charges to deliver and furnish all materials and labor and work for the complete execution of the contract, that the school district agreed to pay him four thousand, three hundred and seventy-five dollars therefor at certain intervals on certificates of the architect, five per cent to be retained and to be paid one month after acceptance of the building by the district, provided that the materials and work had been paid for by Banks; that said district might retain from the moneys coming to Banks enough to pay and satisfy such claims for work and materials, that thus and by virtue of said contract Banks had agreed with the school district to pay and satisfy all claims and demands for labor and materials furnished in the construction of the building, it being a public school building, and especially to pay the claim of the plaintiff for lumber furnished by it as afterwards set out in the amended petition.

"The amended petition then goes on to state, that contemporaneously with, and as consideration and part of said contract, the bond sued on was executed and delivered by Banks as principal and The Trust Company of St. Louis county as security, dated August 22, 1905, they binding themselves unto said school district in the penal sum of four thousand three hundred and seventy-five dollars, and conditioned as follows: that if defendant Banks should well and truly perform and fulfill all and every one of the covenants, conditions, stipulations and agreements mentioned in said contract of August 22, 1905, between him and said school district for the erection of said public school building, as called for in said contract, and should keep the said

school district harmless and indemnified from and against all and every claim, demand, judgment, lien and mechanic's lien, costs and fees of every description incurred in suits or otherwise that might be had against said district or against the buildings to be erected under said contract, and should repay the said district all sums of money which it might pay to other persons on account of work and labor done or materials furnished on or for said building, and should pay to said district all damages it might sustain and all forfeitures to which it might be entitled by reason of the non-performance or malperformance on the part of defendant Banks of any of the covenants, conditions, stipulations and agreements of said contract, then said obligation should be void, otherwise the same should remain in full force and virtue.

"The amended petition then continues to state, that the condition in said bond contained for the faithful performance and fulfillment on the part of defendant Banks of all and each of his covenants, conditions, stipulations and agreements mentioned in said contract of August 22, 1905, was, in intendment of law, so made for the purpose and to the effect of protecting and for the use and benefit of all persons, who should do work upon or furnish materials under contract with defendant Banks for and upon the construction of said public school building, and the same inured to their use and benefit as parties and privies to said contract and bond, although not specially named therein. . . .

"The amended petition then further states, that plaintiff, under contract with Banks and relying and having the right to rely upon his contract and bond with the school district, furnished between August 25, 1905, and September, 1906, lumber which actually entered the construction of the school building of the reasonable value of six hundred and thirty-seven dollars and eighty-three cents, of which two hundred dollars had been paid, a balance of four hundred and thirty-

seven dollars and eighty-three cents remaining due and unpaid, notwithstanding repeated demands of payment. . . .

"The amended petition assigns as breach of the bond on the part of defendant, that defendant Banks has failed well and truly to perform and fulfill all and each of the covenants, conditions, stipulations and agreements in said contract mentioned, to be by him performed and fulfilled, and has failed, at his own cost and charges, to provide and deliver all and every kind of materials necessary for the complete execution of his said contract, and has failed to pay and satisfy the persons furnishing materials to him for and on said building, and particularly has failed to pay plaintiff its said claim for $437.83; and that said school district has likewise failed to pay plaintiff the said balance so due it and prays judgment against defendants."

The trust company filed its demurrer to the amended petition, assigning as grounds of demurrer that the petition did not state facts sufficient to constitute a cause of action; that the bond declared on is a contract between defendants and the school district of Webster Groves only, and the plaintiff is neither party nor privy to the bond; that the bond declared on was made to secure the school district and was not made to secure the plaintiff, and that the school district has sustained no loss by reason of the failure of the defendant Banks to pay the plaintiff's demand and is not suing upon the bond. The demurrer was sustained, and the plaintiff declining to plead further, judgment was entered in favor of the defendants, respondents here, and against the appellant. In due time appellant filed its affidavit for appeal, and an appeal being granted to this court, the cause is now here for adjudication.

136 App—4

REYNOLDS, P. J. (after stating the facts).—It is contended by the learned counsel for appellant, that the contract contained an implied agreement on the part of the contractor Banks to pay plaintiff's demand, and the appellant accordingly contends that Banks having thus agreed by his contract to pay the demand of plaintiff and having secured by his bond the performance of his contract, in all its several parts and agreements, including his agreement to pay plaintiff and the respondent St. Louis County Trust Company by its bond, which covered the contract of Banks, securing his agreement to pay plaintiff, "thereby and by operation of law the bond was executed for the use and benefit of this plaintiff (together with other third persons) and an action has accrued to plaintiff on such bond, although not named therein." A long line of decisions of our courts is then cited in support of the claim that they establish the doctrine, that a promise made to another for the benefit of a third person is to be deemed made to the third person, if adopted by him, though such third person was not privy to the consideration, was not named and was not cognizant of the promise when made; that it is presumed that such third person accepts such promise made in his favor, and to overthrow this presumption a dissent must be shown; that such third person may sue in his own name without joining the direct promisee. It is thereupon claimed, that under the facts pleaded, the bond inured to and was executed for the benefit of plaintiff and others for the reason that the school district, making a contract for the doing of public work, "the moral duty and obligation thus rested upon them to protect those who furnished work and materials upon such public work and improvement, and the bond, executed to the school district to secure its contract for public work, inured to the persons to whom it bore such moral duty and obligation, namely, the persons who furnished work and materials upon such public improvement." It

is further argued that the contract made between Banks and the school district contained such provision, and that this provision is contained in these words: "In case Banks should fail to pay and satisfy all and every claim and demand against the building for work and materials furnished upon it, the school district might, if it deemed proper, retain from the moneys due Banks under the contract, enough to pay and satisfy such claims and demands, and therewith pay such claims." It is argued that this provision was put in the contract evidently for the protection and benefit of third persons furnishing labor and materials; that to construe this to be for the benefit of the school district alone is meaningless, as third persons under the law have no lien upon public school buildings, and the bond, or this provision in the contract, did not give the school district additional protection; hence it is argued, that it is an irresistible supposition that this provision was made in favor and for the benefit of third persons, "from which the moral duty of the school district arose to see to the payment of the claim of these third persons." It is further argued that, aside from and in addition to the provision in the contract, the school district bore such moral duty and obligation to these third persons as to be sufficient to create the necessary privity to entitle them to sue. It is also urged by the same learned counsel that the school district, making a contract for the doing of public work, the legal duty and obligation rested upon it to protect those who did the work and furnished the material, and that the bond executed to the school district consequently inured to the benefit of the persons to whom the school board or district bore such legal duty and obligation. Claiming that while under the laws of this State, and particularly under the mechanic's lien law, no distinction in terms is made as to their applicability to private or public buildings, counsel concedes that the almost uniform doctrine is, that the mechanics' lien law, through considerations of

public policy, does not apply to public buildings or improvements, but he claims that, following the legislation of Congress, whereby bonds for the doing of public work are expressly required to be for the protection of the laborer and materialman, that the State of Missouri, by the Act of 1895, now section 6761 of the Revised Statutes of 1899, in providing that, "All counties, cities, towns and school districts making contracts for public work of any kind to be done for such county, city, town or school district, shall require every contractor to execute a bond with good and sufficient securities, and such bond among other conditions shall be conditioned for the payment for all material used in such work, and all labor performed on such work, whether by subcontract or otherwise," has followed the national legislation, and by this statute has imposed a moral duty and impliedly a legal obligation on the part of the school district to protect those who furnish material upon public work, and that the presumption is, that the school district intended to perform its legal duty, although not specially expressed.    It is therefore contended that the bond sued on, and the promises therein made, were for the benefit and use of third persons, including appellant, on the facts stated by it as to its contractual relation as materialman with Banks, the original contractor and the principal in the bond sued on.    We have stated very fully the position of the learned counsel for the appellant as he puts it in the strongest and most forcible way possible.  The authorities that he relies on for these propositions will be noted, when the report of this case is officially made in connection with his brief, so that it is not now necessary to set out those authorities in full, further than we may have occasion to refer to them hereafter.

That a contract between two parties upon a valid consideration, may be enforced by a third party, when entered into for his benefit, and that this is so although

such third party be not named in the contract, and although he was not privy to the consideration, is so thoroughly settled as the law of this State, by a long line of decisions, that it is not open to further discussion. It has further been held that it is sufficient, in order to create the necessary privity, that the promisee owes to the party to be benefited, some obligation or duty, legal or equitable, which would give him a just claim. That municipal and public bodies have power to contract for the payment of all claims which may be be made for labor and material furnished in the construction of public buildings, and may cover that in the bond, so that it inures to the benefit of third parties not named, has also been thoroughly settled in this State by judicial decisions as well as by statutory enactment. Section 6761, Revised Statutes 1899, expressly authorizes school districts, among other public *quasi* corporations, to provide, by contract and bond entered upon and given for public work, for the payment to the laborer or materialman, for material used in the work and all labor performed thereon whether by subcontract or otherwise, so that the power is expressly given to cover such claims so effectually as to give a right of action on the bond to the laborer and materialman. For illustration of these rules, in addition to the statute, it is only necessary to refer to City of St. Louis v. O'Neil Lumber Co., 114 Mo. 74; City of St. Louis to use of Glencoe L. & C. Co. v. Von Phul et al., 133 Mo. 561; Devers v. Howard, 144 Mo. 671; School District of Kansas City ex rel. Koken Iron Works v. Livers et al., 147 Mo. 580; and Buffalo Forge Co. v. Cullen & Stock Mfg. Co., 105 Mo. App. 484. But in all of the cases to which the attention of the court has been directed, it has been held that to enable third parties, not named in the bond or in the contract, to sue on the bond, it must clearly appear, by the terms of the contract or bond, that they are of the class covered by the conditions of the bond. When they are, they can

sue, whether named in the bond or not; when they are not, they have no right of action on the bond. This distinction is very well drawn in the case last cited, Buffalo Forge Co. v. Cullen & Stock Mfg. Co., supra, in which case this court, distinguishing the bond before it from the bond which was before the court in the case of State ex rel. v. Loomis, 88 Mo. App. 500, said, referring to the Loomis case, that the bond there under consideration contained this clause: "This bond is made for the use and benefit of all persons who may become entitled to liens under said contract according to the provisions of the law in such case made and provided, and may be sued upon by them as if executed to them in proper person." Construing this clause, this court held in that case, that the clause designated the only persons aside from the parties to the bond, who could sue on it and that inasmuch as the relator in the case had no lien, he, therefore, did not come within the designated class, and hence could not sue. This court further said, in the Buffalo Forge Company case, supra, that while it was true the building was a public one and the bond was probably drawn under a misapprehension of the law, on a blank form used with that clause left in it inadvertently, courts could only enforce contracts as they were made, and that it was for that reason the court had held in the Loomis case that the relator had no right of action on the instrument. That is to say, it must appear that the party seeking to obtain the benefit of the contract and bond clearly falls within the terms and is included within the provisions of them, to be entitled to his action on the bond. In the case before us the condition in the contract is, that the school district agreed to pay Banks the contract price for the work, "at intervals on certificates of the architect, five per cent to be retained and to paid one month after acceptance of the building by the district, provided that the materials and work had been paid for by Banks, and that said district might retain from the

moneys coming to Banks enough to pay and satisfy such claims for work and materials;" and the condition in the bond is, that if defendant Banks "should well and truly perform and fulfill all and every one of the covenants, conditions, stipulations and agreements mentioned in said contract of August 22, 1905, between him and said school district for the erection of said public school building, as called for in said contract, and should keep the said school district harmless and indemnified from and against all and every claim, demand, judgment, lien and mechanics' lien, costs and fees of every description incurred in suits or otherwise that might be had against said district, or against the buildings to be erected under said contract, and should repay the said district all sums of money which it might pay to other persons on account of work and labor done or materials furnished on or for said building, and should pay to said district all damages it might sustain and all forfeitures to which it might be entitled by reason of the non-performance or malperformance on the part of defendant Banks of any of the covenants, conditions, stipulations and agreements of said contract, then said obligation should be void, otherwise the same should remain in full force and virtue." While this bond, in terms, requires Banks to perform all and every one of the covenants, etc., contained in this contract, and while the contract provided that the materials and work should be shown to have been paid for by Banks before he was entitled to the compensation provided for in the contract, and while it was provided in the contract that the district might retain from the moneys coming to Banks enough to pay and satisfy claims for work and material, there is nothing in the bond itself, which, by any construction of it, can be held to mean that if Banks did not do this, a right of action accrued to a third party. In the cases referred to, there was either an express stipulation that the bond should be for the benefit of

third parties not named and that the bond could be put in suit to their use, or, the contract and bond were together of such a character as to imply that that was in contemplation of the parties; that is to say, not only in contemplation of the contractor and the party with whom the contract for the erection of the building or doing of the work was made, but it should have clearly been within the contract of the surety on the bond. It is to be remembered that this case is not against Banks alone, but is on the bond against Banks and his surety, and no intendment or presumptions outside of those necessarily arising on the contract and on the bond are ever indulged in as against the surety.

Nor does the bond come within the statute referred to (section 6761), for it does not contain the clause carrying the condition that it be "for the payment for all material used in such work, and all labor performed on such work, whether by subcontract or otherwise." Furthermore, if this section is relied upon, then the suit should have been in the name of the school district to the use of appellant (R. S. 1899, sec. 6762). While it may be said that there was no necessity for the school board to protect the building against liens (Press Brick Co. v. School District, 79 Mo. App. 665) the fact remains that this bond was drawn in such terms as to protect the school district alone, and not third parties. Conceding that there is no right of lien against the schoolhouse, counsel for appellant argues that if this bond is not for the protection of third parties, laborers and materialman, it is meaningless. That may be true, but that fact surely cannot be held to extend the bond beyond its language and terms, or its necessarily implied obligation, at least that cannot be done as against the surety. It is true, that the amended petition alleges that this bond is for the benefit of all parties furnishing labor and material and that the petition is met by a demurrer, but it needs no citation of authorities on the proposition that a demurrer only admits such mat-

ters as are well plead, and the plaintiff in this case, having set up the conditions of the bond and of the contract, the averments by way of interpretation to be put upon them, are merely pleading legal conclusions, the truth of which a demurrer does not admit.

Our conclusion upon the case is, that while recognizing the legal propositions advanced by the appellant, as generally correct we are compelled to hold that it does not apply to this bond, and so holding, the judgment of the trial court, sustaining the demurrer to the petition, is affirmed.   All concur.