**AMERICAN HARDWARE MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Sylvanous Van VICK, Jr., et al., Appellees.**

**No. 17471.**

United States Court of Appeals
Fifth Circuit.

June 29, 1959.

Thos. W. Davenport, Monroe, La., for appellant.

E. K. Theus, Fred A. Coon, Jr., Coon & Coon, Theus, Grisham, Davis & Leigh, Monroe, La., for appellees.

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a verdict and judgment in a wrongful death action which resulted from a highway collision

between an automobile owned and then being operated by Sylvanous Van Vick, the decedent, and a truck owned and then being operated by one Pesnell, to whom the defendant had issued a policy of liability insurance.

The collision occurred near or at the intersection of U. S. Highway 165 and Louisiana Highway 2, in Ouachita Parish, Louisiana.

Plaintiffs alleged various acts of negligence on the part of Pesnell and also that Pesnell had the last clear chance to avoid the accident.

Defendant denied that Pesnell was negligent and charged that Vick was guilty of contributory negligence.

On these issues the case was fully tried, defendant's motion for directed verdict was reserved, and, the cause submitted to a jury on a full and comprehensive charge, unexceptionable in law and unexcepted to in fact, there was a jury verdict in favor of each plaintiff for $3125, with a total recovery of $12,500. Thereafter defendant's motion for judgment in accordance with its motion for a directed verdict and alternatively for a new trial was heard and denied.[1]

Appealing from the judgment on the verdict, and here with a thorough going brief arguing that the evidence as to the occurrence, consisting as it did of the testimony of Pesnell, appellant's insured, the other party to the collision, and of the two witnesses for the defendant, establishes definitely, and without contradiction that the plaintiff was, and Pesnell was not, negligent; that there was no possible application of the doctrine of last clear chance; and that a verdict for defendant was, as matter of law, demanded; appellant urges upon us that the judgment must be reversed.

Appellees, on their part insisting that the case was peculiarly a fact case and that there is no merit whatever in the appeal, urge an affirmance with damages for delay as provided by Rule 30, subd. 2 of this court, 28 U.S.C.A., where it appears that an appeal has been sued out merely for delay.

■■ We cannot agree with appellees' view that the appeal appears to have been sued out merely for delay and that damages should be assessed therefor. No one can read the cogently put and earnestly argued brief of the appellant without being impressed with its complete sincerity or without having the feeling that the appellant and his counsel are convinced that the verdict and judgment were wrongly entered and should be set aside. With the testimony of the eyewitnesses, if believed as given, inculpating the deceased with, and exculpating Pesnell from, blame, appellant's position, while of course much stronger before the jury, is, though greatly weakened by the jury verdict, not to be characterized as frivolous and without substance here. Indeed, under the general rule that where evidence is credible, reasonable, uncontradicted and unimpeached, no question for the jury but only one of law is presented, Georgia-Pacific Corp. v. United States, 5 Cir., 264 F.2d 161, at page 165, but for the fact that Pesnell was an interested witness and therefore his credibility was for the jury, and that he admitted that the collision occurred on the wrong side of the road, Bond v. Spillers, La.App., 107 So.2d 706, and for the further fact that the death of plaintiffs' decedent has prevented him from testifying in contradiction of the testimony of the defendant's witnesses as to his actions and statements,[2] and therefore the jury

---

1. "This case came on for hearing on defendant's motion for judgment in accordance with motion for directed verdict; alternatively for an order vacating and setting aside the verdict of the jury and granting a new trial, which was argued, submitted and Denied. By authority of Phoenix Indemnity Co. of New York v. Girouard [5 Cir.], 252 F.2d 146 and Denton v. Indemnity Ins. Co. of North America [5 Cir.], 240 F.2d 604."

2. Cf. Mutual Life Ins. Co. of New York v. Sargent, 5 Cir., 51 F.2d 4, at page 6.

is not required, because of lack of overt contradictions, to accept their testimony, appellant's contention, that no question for the jury but only one of law was presented, would be a forceful one.

■ Without undertaking here to set out the facts in what we hold to be a fact case, we agree with appellees: that on the record as a whole and in the light of the two cases, note 1 supra, which deal with situations quite similar to the one here, on which the district judge based the order appealed from, his conclusion that the case was peculiarly one for a jury verdict may not be rejected; and that, considering the evidence in the light most favorable to the plaintiff as we must do, the judgment must be affirmed.

Affirmed