Arthur CLARK, Appellant,

v.

Roger L. BAUMAN, d/b/a Bauman Drilling Company, Appellee.

No. 21271.

United States Court of Appeals Fifth Circuit.

Dec. 7, 1964.

Herbert Finkelstein, W. T. Dorman, Houston, Tex., for appellant.

George E. Flannigan, Dallas, Tex., Howell Cobb, Beaumont, Tex., Flannigan, Patterson & Biesel, Dallas, Tex., Orgain, Bell & Tucker, John G. Tucker, Beaumont, Tex., for appellee.

Before WISDOM and GEWIN, Circuit Judges, and NOEL, District Judge.

PER CURIAM.

The dispute in this case arose from a joint venture to acquire and develop oil and gas leases in East Texas, the costs and profits to be shared equally. The plaintiff filed suit in a Texas state court, alleging that he spent sums in excess of the defendant's expenditures and asking for reimbursement of half of his expenses. The defendant removed the suit to the Eastern District of Texas and counterclaimed for an accounting and conveyance of one-half of certain allegedly undisclosed leaseholds and for one-half of the amount the defendant alleged that he had spent in excess of the plaintiff's expenditures. The claims of both parties to reimbursement for personal expenses were heard by a master who found that the defendant owed the plaintiff $4,000. The court confirmed this finding, which is not subject to dispute here. The court, however, did not rule on the plaintiff's original claim for reimbursement or business expenses and, under the impression that the amount had been stipulated in the pre-trial order, entered judgment for the plaintiff. The defendant objected that he had not been given an opportunity to present evidence to contradict the plaintiff. Accordingly, the trial court ordered the plaintiff to submit an accounting to the defendant who was given a time within which to file specific written objections. The defendant filed objections to some sixty items. At the hearing, the trial court declined to entertain the defendant's evidence on the ground that he had not stated his objections with sufficient specificity.

Although the defendant's objections could have been made more specifically, we conclude that the judgment should be reversed for the limited purpose of allowing the defendant to submit evidence on the contested items in the account. Accordingly, the judgment below is reversed and remanded with directions that the district court reopen the case to receive evidence from either party bearing on the contested accounting.