**Stanley J. KORBUT, Appellant,**

v.

**KEYSTONE SHIPPING CO., Appellee.**

**No. 23130.**

United States Court of Appeals
Fifth Circuit.

July 13, 1967.

Rehearings Denied Aug. 8, 1967.

Burch Downman, Houston, Tex., for appellant.

B. D. McKinney, Thad T. Hutcheson, Jr., Houston, Tex., for appellee, Baker,

Botts, Shepherd & Coates, Houston, Tex., of counsel.

Before GEWIN, THORNBERRY and DYER, Circuit Judges.

DYER, Circuit Judge:

Korbut, a merchant seaman employed aboard the S. S. TULLAHOMA, sued Keystone Shipping,[1] the owner of the vessel, for maintenance and cure and Jones Act[2] damages. After lengthy deliberation, the jury informed the court that it had resolved the liability and maintenance and cure issues but was hopelessly deadlocked on the Jones Act damages. The court instructed the jury to return a verdict showing the number of jurors who agreed to each of the varying amounts of damages. Obedient to this instruction the jury returned a unanimous verdict in favor of Korbut on liability, found July 1, 1967, as the termination date for maintenance and cure, and treated the Jones Act damage issue as follows: two jurors at $20,000, three jurors at $30,000, and seven jurors at $50,000. The court announced from the bench that:

"* * * the Court is going to enter judgment for the plaintiff for the sum of $20,000. The court is inclined to agree with the two rather than with the three or the seven. We feel that this is a fair measure of damages in this case. The court is also going to alter special issue No. 10 from July 1, 1967, to July 1, 1965. As revised, the court will enter judgment for the plaintiff.

"Judging from Mr. Korbut's age, his work expectancy is not more than 15 to 20 years. We feel that the most that he has sustained from this accident is aggravation of pre-existing injuries, and based upon that finding, we feel that $20,000 is a fair amount.

"We also have revised the time in regard to maintenance because we feel

1. By stipulation of the parties it was agreed that the correct name of the defendant is Charles Kurz & Co., Inc., rather than Keystone Shipping Co.

2. Title 46 U.S.C.A. § 688.

that he has reached a state of recovery, as much as he can reach from medical science, and that is what that question indicates, and that would be a period up to July 1, 1965."

Motions for a new trial by both Korbut and Keystone Shipping were denied. Keystone Shipping tendered payment of the amount of the judgment which Korbut declined and this appeal ensued.

■ It is self-evident that the jury could not and did not agree on the amount of the Jones Act damages to be awarded to Korbut. It is equally clear that the District Court substituted its judgment for that of the jury's. That it is violative of the Seventh Amendment to the Constitution of the United States for a court to so invade the province of a jury is so fundamental that it need not be supported by citation.

■■ Although the jury by unanimous verdict found the termination date for maintenance and cure to be July 1, 1967, the District Court again substituted its judgment and changed the date to July 1, 1965. Keystone Shipping urges that the court has the power to restrict recovery to the period before the seaman is cured or before recovery under treatment is no longer possible. Undoubtedly a shipowner's obligation is so restricted, Fernandez v. United Fruit Co., 5 Cir. 1961, 287 F.2d 447, 448, but it is for the jury not for the court, in circumstances such as these, to apply this time test, Fitzgerald v. United States Lines, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720. As we pointed out in Wright v. Paramount-Richards Theaters, 5 Cir. 1952, 198 F.2d 303, 308, "Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable. Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520." It was error for the District Court

to eliminate two years' maintenance and cure awarded to Korbut by the jury and Korbut is entitled to the sum of $9,777.-76 for the full period to July 1, 1967.

■■ Korbut, relying on F.R.Civ.P. 59(a) [3] would have us remand for a new trial solely on the Jones Act damage issue, while Keystone Shipping contends that a partial new trial will result in a miscarriage of justice. We think it important that the trial of this case took only two days, and that the issues of liability are not sufficiently complicated to render their redetermination a burdensome undertaking. Korbut claims that he inhaled noxious fumes that attacked his nervous system and that he slipped and fell. In issue is whether either of these events occurred. Korbut's conduct and credibility is attacked both with respect to liability and damages. After carefully considering these matters and upon reviewing the entire record, we are of the view that if Korbut is entitled to recover damages an ascertainment of them can best be determined by retrying the entire case. A partial new trial should not be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that it may be tried alone without injustice. "Here the question of damages on the counterclaim is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial." Gasoline Products Co. v. Champlin Refining Co., 1931, 283 U.S. 494, 500, 51 S.Ct. 513, 75 L.Ed. 1188.

The judgment of the District Court is reversed and remanded with directions to enter judgment for Stanley J. Korbut in the sum of $9,777.76 representing maintenance and cure to July 1, 1967, and to grant a new trial on the other issues.

Reversed and remanded.

3. "A new trial may be granted * * * on all or part of the inssues * * *."