**Mrs. Odette KIFF, widow of Dannie Powell, Jr., etc., et al., Appellants,**

v.

**The TRAVELERS INSURANCE COMPANY, Appellee.**

No. 24085.

United States Court of Appeals
Fifth Circuit.

Sept. 11, 1968.

Rehearing En Banc Denied Oct. 16, 1968.

Reginald T. Badeaux, Jr., John G. Discon, J. Michael Cumberland, New Orleans, La., for appellants.

John J. Weigel, New Orleans, La., for appellee.

Before JONES and GODBOLD, Circuit Judges, and SCOTT, District Judge.

JONES, Circuit Judge:

The original plaintiff in the district court, Dannie Powell, Jr., brought suit for personal injuries which he asserted were caused by negligent acts of an employee of Harvey Crane Service, Inc. Dannie Powell, Jr., died and his widow, who is now Mrs. Odette Kiff, and his three minor children were substituted as plaintiffs. The sole defendant was the appellee, The Travelers Insurance Company, which was the negligence liability insurer of Harvey Crane Service, Inc.

Dannie Powell, Jr., was a truck driver for Jefferson Truck Lines, Inc. On June 22, 1961, he was dispatched to the California Company pipe yard for the purpose of loading and transporting steel pipe. To aid in this operation, a truck-crane was dispatched to the pipe yard. This crane was owned by Harvey Crane Service and operated by Andre Larousse, a crane company employee. Before any lifting could be performed, the boom of the crane had to be positioned at the pipe rack and the crane had to be balanced and anchored. While these maneuvers were being executed, Dannie Powell, Jr., was struck in the neck and injured by the crane's counterweight.

The plaintiffs alleged in their amended complaint that Larousse was negligent in his operation of the crane and that this negligently-caused injury aggravated a pre-existing cancerous condition resulting in Powell's death. The insurance company denied both negligence and causation, and alleged the contributory negligence of Powell. The defendant also asserted that its insured could not be held accountable for the acts of Larousse because the crane operator was the borrowed servant of Jefferson Truck Lines at the time of the accident.

At the close of the evidence, the issues raised by these pleadings were submitted to the jury in the form of special interrogatories. The jury found that Larousse was negligent, that his negligence caused Powell's death, that Powell was not contributorily negligent, and that Larousse was the borrowed servant of Jefferson Truck Lines at the time of the accident. On this latter ground, Harvey Crane Service's liability insurer was relieved of liability.

The plaintiffs have appealed from the judgment entered on the jury's verdict. The sole contention here is that the borrowed servant issue was improperly submitted to and decided by the jury.

The record discloses several undisputed facts relevant to the employment status of Andre Larousse, the crane operator.

At the time of the accident, Jefferson Truck Lines and Harvey Crane Service were closely related corporations. The two companies were owned by the same person, were operated out of the same office by the same personnel, and generally were involved in the same operations. The only person on the crane company's payroll, with the exception of an occasional temporary operator, was Andre Larousse. Because Harvey Crane Service had no clerical personnel of its own, Larousse had to be dispatched by an employee of the truck company. This dispatcher, Mr. Spezio, would order Larousse on and off different jobs and would keep the operator's time. Andre Larousse's brother was the general manager of Jefferson Truck Lines. He and Mr. Spezio had the authority to hire and fire personnel for both Jefferson Truck Lines and Harvey Crane Service.

On the morning that Powell was injured, Mr. Spezio had dispatched Andre Larousse to the California Company pipe yard. The crane was to be used to load pipe aboard the Jefferson trucks pursuant to a carriage contract between the truck company and the California Company. At the yard a Jefferson foreman, who was in charge of the loading and hauling operation, possessed extensive authority over the crane operator. This foreman testified that, if the need had arisen, he was authorized to terminate Larousse's employment with Harvey Crane Service or to have the operator sent to another job. On these facts, the jury concluded that Andre Larousse, being under the control of the truck company's foreman, was the borrowed servant of Jefferson Truck Lines at the time of the accident. This question, we believe, was erroneously submitted to and was erroneously decided by the jury.

As the appellee vigorously suggests, this Court is not free to set aside a jury verdict merely because another result is deemed to be more reasonable. Dowell, Inc. v. Jowers, 5th Cir. 1950, 182 F.2d 576. However, this limitation on our scope of review is not applicable when all that need be determined is the legal significance of undisputed facts.

"[W]here evidence is credible, reasonable, uncontradicted and unimpeached, no question for the jury but only one of law is presented." American Hardware Mutual Ins. Co. v. Vick, 5th Cir. 1959, 268 F.2d 183, 184.

The record discloses that the determinative factual ingredients of Larousse's employment status are not disputed. The only question presented, then, is whether these basic facts require the imposition of liability upon Harvey Crane Service and its insurer for the acts of its servant through application of the doctrine of respondeat superior. This question of law should have been decided by the court, not the jury.

In this diversity case, the law of Louisiana must govern. The issue presented here has been considered many times by the appellate courts of that state. See Truitt v. B & G Crane Service, La.App.1964, 165 So.2d 874, and cases cited therein. Consistently, the borrowed servant doctrine has been explained as follows:

"There is a presumption that the general employer is responsible in damages for the torts of his employee. If the general employer seeks to avoid liability on the ground that his employee is the 'borrowed servant' of another, then the burden of proof rests upon the general employer * * * to show that as to the particular work in question the servant has been loaned, that the relationship of master and servant which theretofore existed between the general employer and employee has been suspended, that a new relationship of master and servant has been created between the borrowing employer and that employee and that this new relationship was in existence at the time the accident occurred." Kezerle v. Hardware Mutual Casualty Co., La.App.1967, 198 So.2d 119, 124.

To determine whether the general employer has sustained his burden of proof in this regard, it is necessary to as-

certain whose work is being performed by the loaned servant. B & G Crane Service v. Thomas W. Hooley & Sons, 1955, 227 La. 677, 80 So.2d 369. This question may usually be answered by determining who has the power to control the servant in his temporary employment. Brown v. B & G Crane Service, La.App. 1966, 194 So.2d 746. Thus, the general employer must establish that he has fully relinquished the right to control his servant and that the borrowing employer has full authority over the borrowed servant in his new work. A new relation must be created, and the old master-servant relation terminated. Benoit v. Hunt Tool Co., 1951, 219 La. 380, 53 So. 2d 137.

■ These principles, enunciated and followed by the courts of Louisiana, require us to hold as a matter of law that Andre Larousse was not the borrowed servant of Jefferson Truck Lines. The record contains no evidence indicating the termination of the master-servant relationship between Harvey Crane Service and Andre Larousse. Indeed, as will be seen, ultimate authority over the crane operator was lodged in the same persons before, at the time of, and after the injury which resulted in Dannie Powell's death. No substitution of masters occurred. Such a circumstance prevents the application of the borrowed servant doctrine here.

As noted above, Harvey Crane Service had no supervisory personnel on its own payroll. The crane company, having but one paid employee, was operated by the managerial officers of Jefferson Truck Lines. Both before and at the end of the accident, the truck company's supervisors, including its foreman at the California Company yard, were empowered to terminate Larousse's employment with the crane company and were authorized to place him on a different job for Harvey Crane Service. Possessing this authority, Jefferson's supervisors were de facto managers of Harvey Crane Service. When the Jefferson dispatcher sent Larousse to the pipe yard, no change in Larousse's employment status occurred

because the persons who managed the crane company's business failed to relinquish their authority over him. At all times, then, Andre Larousse was employed by and acting for Harvey Crane Service. He was its servant. At no time was he employed by or acting as the servant of Jefferson Truck Lines. Those who were authorized to exercise control over him and to direct his employment activities were, while exercising such control and direction, acting on behalf of Harvey Crane Service and not for Jefferson Truck Lines. The doctrine of respondeat superior must therefore be applied here to hold Harvey Crane and its insurer accountable for the negligent acts of the operator.

For the foregoing reasons, the judgment of the district court will be reversed. We think the interests of justice would be best served by a new trial on the issues of liability as well as damages. The cause will be remanded to the district court for further proceedings.

Reversed and remanded.

GODBOLD, Circuit Judge (concurring in part, dissenting in part):

I am in full agreement with the view that under the undisputed facts the borrowed servant doctrine was improperly submitted to the jury. With that issue correctly decided this is a classic case for retrial on the issue of damages only.

On interrogatories the jury found that the operator of the crane was negligent, that the decedent was not contributorily negligent, and that the accident caused aggravation of decedent's pre-existing condition resulting in his death. Both parties moved for a directed verdict. The plaintiff was entitled to a directed verdict on the borrowed servant issue which the jury by interrogatory found in favor of the defendant. We now rectify the error of submitting that issue to the jury. The only issue that has not been decided by the jury as a matter of fact, or by this court as a matter of law, is that of damages.

In several instances this Circuit has remanded cases for trial on the sole issue

of damages. A recent—and close—case is Parker v. Wideman, 380 F.2d 433 (5th Cir. 1967), an automobile accident case, in which the jury found appellee liable to appellant for injuries as a proximate result of appellee's negligence but assessed damages at zero. The court remanded for trial on the issue of damages only, saying:

> On this appeal the only question presented relates solely to the issue of damages. The appellee has not contested the findings of negligence and proximate cause, and we do not think he could logically do so. Those matters were properly submitted to the jury and its determination of the factual controversy as to liability is adequately supported by the evidence. Hence, we conclude that the interests of justice are best served by vacating the judgment of the district court only as it relates to damages and remanding the cause solely for a trial as to damages. We therefore vacate that portion of the judgment awarding the appellant "no dollars" damages, and remand for a trial solely on the issue of damages. Id. at 437.

In Atkinson v. Dixie Greyhound Lines, Inc., 143 F.2d 477 (5th Cir. 1944), an appeal from a jury verdict for plaintiff awarding compensatory damages only, this court remanded for trial on the sole issue of punitive damages, which the trial court had declined to submit to the jury. In Indamer Corp. v. Crandon, 217 F.2d 391 (5th Cir. 1954), the jury, having heard prejudicial remarks by defense counsel concerning insurance, returned a verdict for a small fraction of the damages proved. Remand was for retrial on damages alone. See also New Orleans & N. E. R. R. Co. v. Hewett Oil Co., 341 F.2d 406 (5th Cir. 1965); State ex rel. Sidenfaden v. United States Fidelity & Guaranty Co., 193 F.2d 47 (5th Cir. 1951).[1]

Partial new trial is discretionary and may be ordered only when the issues for new trial are so distinct and independent that they may be separately tried without injustice. The clearest case for exercise of our discretion is presented when the defendant has had a full and fair trial on the issues of liability and the jury by special interrogatory has established his culpability. To require this plaintiff to relitigate culpability when every factual issue except damages has been once found in his favor by the jury is a grave injustice to him out of keeping with the spirit of Fed.R.Civ.P. 59. See the discussion at 6A J. Moore, Federal Practice, ¶ 59.06, at 3761 (2d ed. 1966). Likewise it is a disservice to the overburdened courts, racing to stay ahead of the tidal waves of litigation.[2]

Perhaps the most serious effect of a decision such as this one is the damper

---

1. Compare Hatfield v. Seaboard Air Line Railroad Company, 5 Cir., 396 F.2d 721 [June, 1968]. The jury, by special interrogatories, found defendant liable and in the face of evidence of serious injuries and substantial medical expenses and lost wages awarded damages of $1.00. The court reversed for a new trial on all issues but pointed out that it did so because jury impropriety was apparent in the form of a compromise, an attempt to force defendant to pay the costs, or refusal to follow the court's instructions. Compare also Korbut v. Keystone Shipping Co., 380 F.2d 352 (5th Cir. 1967) in which maintenance and cure was correctly fixed by the jury but the trial court arbitrarily reduced the jury award, and the jury was unable to agree on Jones Act damages whereupon the trial court fixed the damages therefor. On appeal this court directed entry of judgment for the correct amount for maintenance and cure and granted a partial new trial on all other issues, for the reasons that the trial had been short, issues of liability neither complex nor burdensome to litigate, and plaintiff's credibility was attacked both with respect to liability and damages.

For remand for trial of single issues other than damages, see Gallo v. Crocker, 321 F.2d 876 (5th Cir. 1963), new trial on sole issue of whether injury was caused by concurrent negligence of two defendants after a jury charge that plaintiff could recover against either defendant but not both, and Clark v. Bauman, 339 F.2d 212 (5th Cir. 1964).

2. E. g., Peters v. Rutledge, 5th Cir. 1968, 397 F.2d 731 [June 6, 1968] n. 22; Shafroth, Survey of the United States Courts of Appeals, 42 F.R.D. 243 (1968).

that it puts on intelligent use of Fed.R. Civ.P. 49. The Fifth Circuit has been the pacesetter in urging the district courts to employ the flexibility of special findings of facts because of their demonstrable value in excising critical issues for appellate review and enabling correction of errors by a limited new trial. *Weymouth v. Colorado Interstate Gas Co.,* 367 F.2d 84, 93, n. 3 (5th Cir. 1966) and Fifth Circuit cases there cited; Brown, John R., Chief Judge, United States Court of Appeals for the Fifth Circuit, Federal Special Verdicts: The Doubt Eliminator, 44 F.R.D. 338 (1968); Wright, The Use of Special Verdicts in Federal Court, 38 F.R.D. 199 (1965). "[The special verdict technique] affords the reviewing court a sure foundation for approving the part of the trial uninfected by the error by leaving the retrial to specific separable issues." Brown, supra, 44 F.R.D. at 348. As an appellate court we cannot call on the trial courts to employ this useful device to limit litigation if when employed we will not take advantage of it. Having received a case in which by the trial judge's diligence only limited postoperative surgery is required, the majority direct him to perform the operation over again.

Our exercise of discretion may not properly turn on whether factual issues already decided by a jury are close ones or whether we as appellate judges agree with what the jury found. There is no injustice in a partial new trial in this case except in the mind of the defendant, who having once lost on proximate causation wants a crack at another jury with the hope he will come out better.

### ON PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petitions for Rehearing of appellant and of appellee are denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petitions for Rehearing En Banc are denied.

GODBOLD, Circuit Judge, dissents from the denial of the Petition for Rehearing filed by the appellant, for reasons stated in his opinion previously filed.