Carl BUCH, Libelant-Appellee,

v.

UNITED STATES of America,
Respondent-Appellant.

No. 153, Docket 23281.

United States Court of Appeals,
Second Circuit.

Argued Feb. 10, 1955.

Decided March 10, 1955.

Jacob Rassner, New York City (Harry Eisenberg, New York City, on the brief), for libelant-appellee.

Gray Williams, New York City (J. Edward Lumbard, Jr., U. S. Atty. for the Southern Dist. of N. Y., and Tompkins, Boal & Tompkins, New York City, on the brief), for respondent-appellant.

Before CLARK, Chief Judge, HINCKS, Circuit Judge, and SMITH, District Judge.

CLARK, Chief Judge.

The United States of America appeals as respondent from a decision holding it liable for injuries sustained by the libelant, Carl Buch, while leaving the S. S. Earl A. Bloomquist, one of its vessels, on which he was employed as an ordinary seaman. The district court had found both unseaworthiness and negligence on its part in its failure to provide a safe place of egress. Buch was awarded $51,600 damages, together with an additional award of $5,840 for maintenance and cure, or a total decree below of $57,440, plus costs and interest. D.C.S.D.N.Y., 122 F.Supp. 25.

The basis for substantive liability is fully and persuasively set forth in Judge Weinfeld's opinion, and we need

## 166

state only the highlights here. The accident occurred at dusk of a rainy day, November 23, 1951, while the S. S. Earl A. Bloomquist was unloading coal to barges in the harbor at Rotterdam, Holland. Buch slipped while descending from the ship by means of a Jacob's ladder which did not quite reach the deck of the barge Comptoir 4 on which he was trying to get a foothold. Buch had been granted shore leave, and the barge was the only means of egress then available to him. The narrow deck and the hatch coaming of the barge were slippery from the rain and from the coal dust; and Buch fell into the open hatch, a distance of some twenty feet. The district court's findings of fact are, as usual, a resolution of conflicting evidence, a good part of which was documentary. The deposition of Buch's fellow-seaman Cook supported the libelant's oral testimony on the crucial question of the inadequacy of the Jacob's ladder. Hence respondent's strenuous effort for a trial de novo on the facts underlying its liability must fail, since the trial court's conclusions were far from clearly erroneous. F.R. C.P., rule 52(a), and cases cited in Note to this rule, in Preliminary Draft of Proposed Amendments, prepared by the Advisory Committee, May 1954, pp. 46, 47. The respondent apparently concedes, as it must, that, if we accept the facts found below, substantive liability ensues.

Two objections are raised to the amount of the award to the libelant. One of these, which relates to the award for pain and suffering, is similar to the objection which we recently discussed in Civil v. Waterman Steamship Corp., 2 Cir., 217 F.2d 94, 99. We reiterate the position there taken that mental agony from total or partial paralysis is sufficient to support an award of this kind. But on the other objection, we agree that there is a lack of definite evidence to support the award of $5,840 for maintenance and cure. Libelant's expert medical witness repeatedly expressed doubts as to whether the future rehabilitation program which he suggested, and which was the sole basis for the award, would effect any kind of improvement in this patient. Since the libelant has shown no inclination to date to undertake this program, we cannot say that its curative nature was sufficiently demonstrated. Desmond v. United States, 2 Cir., 217 F.2d 948. Respondent's medical expert testified definitely that further medication would be valueless; and the records of the United States Public Health Service Hospital on Staten Island, where Buch was seen as inpatient and as outpatient, appear to support this. The award of $5,840 for maintenance and cure must therefore be eliminated.

Decree affirmed, except for award for maintenance and cure, as to which it is reversed.