William F. BRADT, Libelant-Appellee,

v.

UNITED STATES of America, Respondent-Appellant.

No. 237, Docket 23409.

United States Court of Appeals Second Circuit.

Argued March 15, 16, 1955.

Decided April 7, 1955.

Harry D. Graham, New York City, for libelant-appellee.

Eugene Underwood, New York City (Leonard P. Moore, U. S. Atty. for Eastern Dist. of N. Y., Brooklyn, N. Y., Burlingham, Hupper & Kennedy and James W. Lynch, New York City, and Robert B. Pohl, Brooklyn, N. Y., on the brief), for respondent-appellant.

Before CLARK, Chief Judge, FRANK, Circuit Judge, and GALSTON, District Judge.

CLARK, Chief Judge.

Libelant, an assistant engineer on the vessel Pittston Victory, contracted tuberculosis during his employment on board the ship. Judge Bruchhausen found the illness to have been caused by the unseaworthiness of the vessel's crew and facilities and awarded him $13,000 as compensatory damages and $2,000 for pain and suffering. D.C.E.D.N.Y., 122 F. Supp. 190. These are the awards contested by the respondent on this appeal. Libelant also received $2,610 for maintenance and cure from April 11, 1946, to September 1, 1948, which libelant argues is inadequate, since he continued to receive pneumothorax treatments subsequent to the court's cutoff date.

Respondent's appeal raises an interesting question of law concerning the timeliness of this action. An action for unseaworthiness must be brought within two years of the date of injury, under § 5 of the Suits in Admiralty Act, 46 U.S.C. § 745. Respondent maintains that the vague symptoms which the libelant had while he was on board the Pittston Victory were sufficient to put him on notice of his illness so that his claim is now barred. Judge Bruchhausen rejected this argument, and so do we. The seaman cannot and should not be expected to make a self-diagnosis of a progressive

disease like tuberculosis. We hold that the statute did not here begin to run until the libelant was informed of his illness by a physician. See Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282, 11 A.L.R.2d 252.

 The remainder of respondent's appeal is devoted to an attack on the sufficiency and the weight of the evidence concerning unseaworthiness. All this is amply discussed in Judge Bruchhausen's excellent opinion, and we need say no more than that his deductions from the testimony and his resolution of conflicting evidence were not clearly erroneous. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6; Buch v. United States, 2 Cir., 220 F.2d 165. Much depended on libelant's veracity, of which the district court was certainly the best judge. The causal connection between the condition of the ship and libelant's injury can hardly be gainsaid when he was healthy when he signed up for duty, and tuberculous when he left. There is no reason to suppose that a traumatic injury late in his employment could have done more than accelerate the course of the disease, if that. We thus conclude that there is no merit to respondent's appeal.

This brings us to libelant's contention that the district court prematurely cut off his right to maintenance and cure. The date fixed by the district court, September 1, 1948, was the time when libelant returned to Maritime School on a full-time basis. This effort at rehabilitation on the part of the libelant should not prejudice his recovery for maintenance and cure if he was still undergoing curative treatments at that time. Libelant testified without contradiction that he received pneumothorax treatments from the United States Marine Hospital at Neponsit until August 17, 1949, and thereafter by a private physician. Since tuberculosis is not an incurable disease, these treatments may well have been part of a comprehensive program for libelant's cure. The situation thus seems to differ from that considered by us in Desmond v. United States, 2 Cir., 217 F.2d 948, and Buch v. United States, supra.

The district judge made no specific findings concerning the nature of these treatments in the interim before libelant resumed gainful employment. We cannot therefore enter a decree for the additional maintenance sought, but must remand the case for further action in the district court.

The judgment is affirmed on respondent's appeal, and reversed and remanded on that of the libelant.