Sten CARLSSON, Libelant-Appellee,

v.

UNITED STATES of America, Respondent-Appellant.

No. 142, Docket 24764.

United States Court of Appeals Second Circuit.

Argued Jan. 10, 1958.

Decided Feb. 7, 1958.

William Warner, New York City (Cornelius W. Wickersham, Jr., U. S. Atty., E.D.N.Y., Brooklyn, N. Y., and Symmers, Fish, Warner & Nicol, New York City, on the brief), for respondent-appellant.

Jacob Rassner, New York City (Francis J. Nicosia, New York City, on the brief), for libelant-appellee.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

HINCKS, Circuit Judge.

The respondent below appeals from a judgment in favor of libelant based upon alleged negligence and unseaworthiness.

We have reviewed the evidence and find it adequate to support the findings and conclusions on all points except the award of maintenance and cure. On this point the judge found a "failure of the

respondent, through its agents, to afford him medical care and attention, which, if properly applied, would have enabled him to return early to duty. He received certificates averring his fitness for duty [as of July 6, 1953], when such was not the fact. * * * For maintenance and cure he lost approximately 497 days, which at $8.00 per day would aggregate $3,976.00."

That the $8.00 rate was appropriate, is not disputed and it is conceded that he was entitled to maintenance and cure until July 6, 1953 when the fitness certificate issued. The controversy is thus narrowed to the period from July 6, 1953 to mid-July 1955 when concededly the maximum cure had been accomplished.

During this period, the libelant was at sea over 400 days earning normal boatswain's wages and on shore, not working, 334 days.[1] Certainly this work record demonstrates that he was not wholly unfit for duty until July 1955. Nor was there evidence that he was unfit for duty in July 1953 when he went to sea. It is true that his leg was not then fully healed, but that is not to say that he was not fit for work. The work done subsequent to July 1953 may well have constituted sound therapy.

It is true that the right to maintenance and cure may continue to exist, even after periods of work, or the granting of a fitness certificate, until maximum rehabilitation has been attained. Koslusky v. United States, 2 Cir., 208 F.2d 957. In Bradt v. United States, 2 Cir., 221 F.2d 325, it was held that attendance at a maritime school on a full time basis would not terminate a right to maintenance and cure where the seaman thereafter was availing himself of curative treatments. To the same effect is Wilson v. United States, 2 Cir., 229 F.2d 277. But here, there was no evidence that subsequent to July 1953 the libelant ever sought medical treatment or incurred medical expense or that his lack of employment on the 334 days on shore was attributable to his injury.

[1] Of these 334 non-working days, maintenance was allowed for only 293 days.

**354**

Evans v. Schneider Transportation Co., 2 Cir., 250 F.2d 710. After all, in two years he worked over 400 days and the court could not properly assume, especially in view of the irregularity of maritime employment, that for the remainder of the period his inactivity was due to his injury. Having once resumed his occupation, the burden was on him to prove that his unemployment thereafter was due to his actual physical injury. Wilson v. United States, supra.

We hold, therefore, that the award of $3,976.00, in that it included an allowance for 293 out of these 334 non-working days, was unwarranted. It must be reduced to $1,632.00 and the judgment modified accordingly.

Affirmed as modified.