Jose S. FERNANDEZ, Appellant,

v.

UNITED FRUIT COMPANY, Appellee.

No. 18548.

United States Court of Appeals
Fifth Circuit.

Feb. 24, 1961.

Rehearing Denied March 30, 1961.

Samuel C. Gainsburgh, New Orleans, La., for appellant.

Arthur B. Hammond, Jr., New Orleans, La., Robert A Collins, New Orleans, La., for appellee.

Before TUTTLE, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

PER CURIAM.

In this action, Jose Fernandez, a seaman (junior engineer), seeks to recover from his former employer amounts allegedly due him, since December 13, 1957, for maintenance and cure. The libellant left his ship in September 1956 and entered the United States Public Health Service Hospital at New Orleans, Louisiana, complaining of internal bleeding. At the hospital, in the course of an operation described as an exploratory laparotomy right hemicolectomy, a malignant tumor was removed from his colon. January 27, 1957, he was discharged as able to resume his duties. Fernandez was paid $536 for maintenance while an out-patient between the time of his departure from the ship and the time of his return to it. After he returned to sea and until April 27, 1957, he complained of no illness. Early in May Fernandez again became an out-patient of the Public Health Service Hospital. Then, on May 22, 1957, he was admitted as an in-patient of the hospital. At that time his ills were described as generalized arteriosclerosis, aortic insufficiency, and leukoplakia of the lip. (The leukoplakia is not a factor in this case.) While he was an out-patient, through December 13, 1957, Fernandez was paid $1,564 for maintenance. In January 1958 the hospital found him permanently unfit to return to his former employment because of a number of physical disorders and infirmities common to persons of his age; he was then sixty. Since then, the hospital has consistently found him permanently unfit for sea duty. His principal difficulty now is an unfeigned anxiety reaction to the fear of cancer.

The district court found that all of the causes of the libellant's disability were attributable to normal degenerative changes common among cancer victims and among men of his age, and that his ills were unrelated to his employment by the respondent. The court

found also that the treatment Fernandez received was designed to maintain control of his disorders, but that there was no hope for cure, maximum cure having been effected by January of 1958; that he had not resumed his employment and would never be able to do so. At the time of the trial the libellant was receiving two pensions totalling $201 a month, one from the National Maritime Union and one from Social Security, both based on proof of his permanent disability.

A shipowner is obligated to furnish a seaman medical care and maintenance only until the seaman is cured or recovery under treatment is no longer possible. Farrell v. United States, 1949, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850; Calmar Steamship Corp. v. Taylor, 1938, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993; Desmond v. United States, 2 Cir., 1954, 217 F.2d 948; Muruaga v. United States, 2 Cir., 1949, 172 F.2d 318; Lindgren v. Shepard S.S. Co., 2 Cir., 1940, 108 F.2d 806.

After careful consideration of the record and the questions of law raised on this appeal, we hold that the evidence and the law fully support the judgment of the district court. The judgment is Affirmed.

On Petition for Rehearing

PER CURIAM.

We are asked to grant a rehearing on the ground that Fernandez received a "Fit-For-Duty" discharge from the United States Public Health Service Hospital September 23, 1960, after the record was lodged on appeal; that the discharge proves the findings of the district court were clearly erroneous. The discharge was not brought to the attention of the Court or mentioned during the argument, although more than four months elapsed between the date of the discharge and the date of the argument, February 7, 1961. This Court's decision affirmed the findings of the district court that libellant's "ills were unrelated to his employment by respondent" and "none of the disabling conditions manifested themselves while [he] was employed by respondent". The discharge therefore does not affect these findings.

The petition for rehearing is Denied.