William C. METCALFE, Plaintiff-
Appellant,

v.

*OSWELL TOWING COMPANY*, Inc.,
Defendant-Appellee.

No. 27302

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 30, 1969.

John M. Tyson, Charles S. Street, Mobile, Ala., for plaintiff-appellant.

Alex F. Langford, III, A. Clay Rankin, III, Mobile, Ala., for defendant-appellee; Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., of counsel.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellant Metcalfe, filed suit against appellee, Oswell Towing Company, Inc., in the United States District Court for the Southern District of Alabama invoking the admiralty and maritime jurisdiction of the court. He initially alleged that he had suffered personal injury as the proximate result of the unseaworthiness of the Tug Southern Kraft No. 5, on which he had been employed as a deckhand by the appellee. He later amended his complaint to claim negligence and to seek further payments for maintenance and cure. Appellee denied all the material allegations of the complaint and the case was tried by the court sitting without a jury.

The court rendered judgment for the appellee, necessarily finding: (1) the Southern Kraft No. 5 was seaworthy, (2) appellant had failed to prove negligence, and (3) the appellee had fully discharged its obligation of maintenance and cure. Appellant's position is simply that each of the enumerated findings is contrary to the evidence presented in the case. We cannot agree and affirm the decision of the district court.[1]

The evidence adduced at the trial showed that on April 13, 1966, the Southern Kraft No. 5, a small wooden-hulled

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

tugboat, was pushing an empty barge eastward in the Mississippi Sound, from New Orleans toward Mobile. The captain, anticipating rough seas, ordered the barge switched from push to tow. Appellant contended that he was injured during this change in operations. He testified that he attempted to throw off a safety line which connected the barge to the bow of the tug. By throwing the line in a whipping underhand motion, an experienced deckhand can cause the eye on the end of the line to pop off of the bitt to which it is fastened. Appellant testified that while attempting to throw the line, it became fouled, stopping his arm in mid-arc and severely injuring his shoulder.

As noted above, appellant claimed the appellee was liable to him on three separate grounds. As to the unseaworthiness of the vessel, the appellant testified that the working area was small, cluttered, and poorly lighted, and that the crew was inadequate in both number and quality.[2] Some of the same factors were urged as evidence of appellee's negligence in failing to provide appellant with a safe place to work. Appellant's claim to further payments for maintenance and cure was based on his allegation that he had not reached "maximum improvement."[3]

There is evidence in the record which supports each of appellant's contentions, though most of this evidence was derived solely from his own testimony. There is other evidence which contradicts the evidence upon which the appellant relies. The witnesses appeared in open court and gave their testimony. Their conduct and demeanor were observed by the trial judge who made credibility choices. It is not our prerogative to attempt a re-creation of the process of balancing and weighing the evidence entrusted by our system to the trial court. We may not reverse the judgment of a district court, sitting without a jury in admiralty, unless it is clearly erroneous. McAllister v. United States.[4] After a careful examination of the record, we are convinced that the evidence amply supports the findings and conclusions of the district court.

The judgment is affirmed.

---

2. While a shipowner owes an absolute duty to furnish a seaworthy vessel and is liable for injuries proximately resulting from a breach of this duty, we agree with the district court that the mere fact that an accident occurs and a seaman is injured, without more, does not establish that a vessel is unseaworthy. Mosley v. Cia. Mar. Adra, S.A., 314 F.2d 223 (2d Cir. 1963), Goodrich v. Cargo Ships and Tankers, Inc., 241 F.Supp. 332 (E.D.La. 1965).

3. A shipowner is obligated to furnish a seaman medical care and maintenance only until the seaman is cured or recovery is no longer possible. These payments do not continue past the point of maximum probable recovery in case of a permanent disability. Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850 (1949); Myles v. Quinn Menhaden Fisheries, Inc., 302 F.2d 146 (5th Cir. 1962); Fernandez v. United Fruit Company, 287 F.2d 447 (5th Cir. 1961).

4. 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954). Myles v. Quinn Menhaden Fisheries, Inc., *supra;* F.R.Civ.P. 52(a).